NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1415-14T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALFRED W. COURSEY, III,

    Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

June 6, 2016

APPELLATE DIVISION

Submitted April 26, 2016 – Decided June 6, 2016

Before Judges Reisner, Hoffman and Leone.

On appeal from the Superior Court of New Jersey, Law Division, Salem County, Indictment No. 14-03-00121.

Joseph E. Krakora, Public Defender, attorney for appellant (Elizabeth C. Jarit, Assistant Deputy Public Defender, of counsel and on the brief).

John T. Lenahan, Salem County Prosecutor, attorney for respondent (Lisa M. Rastelli, Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

REISNER, P.J.A.D.

Defendant Alfred W. Coursey, III, appeals from his conviction for third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1). The judgment of conviction was based on

defendant's guilty plea, following his indictment for fourth-degree possession of marijuana with intent to distribute, N.J.S.A. 2C:35-5(a)(1), -5(b)(12), and third-degree cocaine possession. Defendant was sentenced to one year of probation.

Defendant's appeal focuses on the denial of his suppression motion, and his rejection from the pre-trial intervention program (PTI). He presents the following points of argument:

> I. THE COURT ERRED IN DENYING THE DEFENDANT'S SUPPRESSION MOTION BECAUSE THE TROOPER LACKED AUTHORITY TO MAKE A WARRANTLESS ARREST BASED SOLELY ON THE SMELL OF MARIJUANA.
>
> II. THE PROSECUTOR'S REJECTION OF DEFENDANT'S ADMISSION INTO PTI WAS BASED ON A CATEGORICAL BAN OF ADMISSION FOR ALL PERSONS CHARGED WITH FOURTH-DEGREE POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE, REQUIRING REVERSAL OF THE REJECTION OR, ALTERNATIVELY, A REMAND FOR RECONSIDERATION.
>
>> A. BECAUSE THE PROSECUTOR APPLIED A CATEGORICAL BAR TO ADMISSION BASED ON THE OFFENSE CHARGED, A REMAND IS REQUIRED FOR RECONSIDERATION.
>>
>> B. IN ADDITION, BECAUSE GUIDELINE 3(I) DOES NOT LIST POSSESSION WITH INTENT TO DISTRIBUTE CDS AS A CRIME FOR WHICH THE PRESUMPTION AGAINST ADMISSION ATTACHES, AND BECAUSE MARIJUANA CAN NO LONGER BE PROPERLY CLASSIFIED AS A SCHEDULE I SUBSTANCE, THE PROSECUTOR APPLIED THE INCORRECT STANDARD FOR DETERMINING ADMISSION.

C.  EVEN IF NO CATEGORICAL BAR WAS
    IMPOSED AND THE PRESUMPTION
    AGAINST ADMISSION APPLIES, THE
    PROSECUTOR'S REJECTION OF
    COURSEY'S PTI APPLICATION WAS A
    PATENT AND GROSS ABUSE OF
    DISCRETION.

III. A REMAND IS REQUIRED BECAUSE THE
     DEFENDANT WAS PRECLUDED FROM PRESENTING
     EVIDENCE OF HIS DRUG DEPENDENCY, WHICH
     WOULD HAVE NEGATED THE PRESUMPTION
     AGAINST ADMISSIBILITY.

Having reviewed the record in light of the applicable legal standards, we affirm the denial of defendant's suppression motion. However, because both the prosecutor's office and the trial court mistakenly applied PTI Guideline 3(i) to fourth-degree possession of marijuana with intent to distribute, we reverse the order denying his PTI appeal and remand for reconsideration of his application by the prosecutor's office.

**[At the Court's direction, Part I of the opinion has been omitted from the published version.]**

II

Next we address defendant's argument concerning his exclusion from PTI. The prosecutor relied in part on the presumption against admission into PTI of non-addicts charged with the sale or distribution of Schedule I or II narcotics. See Guidelines for Operation of Pretrial Intervention in New Jersey, Pressler & Verniero, Current N.J. Court Rules, Guideline

3

3(i), following R. 3:28 at 1193 (2016) (hereinafter Guideline 3(i)).  The prosecutor rejected defendant's PTI application, reasoning that the eighteen bags of marijuana, plus cocaine, and about $500 in cash, found during the search, were evidence that defendant intended to sell the drugs for profit and not to support an addiction.  The prosecutor noted the absence of evidence that defendant was a drug addict or possessed those amounts of drugs for personal use.  In denying defendant's PTI appeal the trial court relied on the same presumption against PTI admission, based on defendant's being charged with possession of marijuana with intent to distribute.

We conclude that the prosecutor erred in applying Guideline 3(i), because 3(i) does not apply to third or fourth-degree marijuana possession with intent to distribute.  Cf. State v. Caliguiri, 158 N.J. 28, 32, 43 (1999) (third-degree marijuana possession with intent to distribute in a school zone, N.J.S.A. 2C:35-7, an offense "carrying a mandatory term of imprisonment[,]" can be treated as included in Guideline 3(i)).

The applicable PTI Guideline applies a presumption against PTI eligibility for defendants charged with crimes of violence, organized crime, breach of the public trust, or with some of the most serious drug-related offenses. Guideline 3(i).  In pertinent part it provides:

A defendant charged with a first or second degree offense or <u>sale or dispensing of Schedule I or II narcotic drugs</u> as defined in <u>L.</u> 1970, <u>c.</u> 226 (<u>N.J.S.A.</u> 24:21-2 et seq.) by persons not drug dependent, should ordinarily not be considered for enrollment in a PTI program except on joint application by the defendant and the prosecutor. However, in such cases, the applicant shall have the opportunity to present to the criminal division manager, and through the criminal division manager to the prosecutor, any facts or materials demonstrating the applicant's amenability to the rehabilitative process, showing compelling reasons justifying the applicant's admission and establishing that a decision against enrollment would be arbitrary and unreasonable.

[Guideline 3(i) (emphasis added).]

As previously noted, Guideline 3(i), by its terms, applies to violent offenses and other "serious or heinous crimes." <u>State v. Watkins</u>, 193 <u>N.J.</u> 507, 514 (2008). The enumerated offenses "represent a legislative decision to prevent serious offenders from avoiding prosecution in ordinary circumstances." <u>Caliguiri</u>, <u>supra</u>, 158 <u>N.J.</u> at 42. The listed offenses include "sale or dispensing of Schedule I or II narcotic drugs as defined in . . . <u>N.J.S.A.</u> 24:21-1 et seq." Guideline 3(i).

Marijuana is still included in the definition of a Schedule I controlled dangerous substance (CDS). <u>N.J.S.A.</u> 24:21-5(e)(10); <u>see</u> <u>Myers</u>, <u>supra</u>, 442 <u>N.J. Super.</u> at 298, 302-04. However, marijuana is not a "narcotic drug" as defined in

N.J.S.A. 24:21-2 (defining "narcotic drug" as "[o]pium, coca leaves, and opiates," as well as related substances). Moreover, possession with intent to distribute is not technically a sale, nor is it "dispensing" as defined in N.J.S.A. 24:21-2 (defining to "dispense" as to deliver a CDS "subject by or pursuant to the lawful order of a practitioner").

The Supreme Court in Caliquiri provided guidance on how to interpret Guideline 3(i) generally and in this instance. In Caliquiri, the Court addressed the application of Guideline 3(i) to a defendant charged with possession of marijuana with intent to distribute in a school zone, N.J.S.A. 2C:35-7, a third-degree crime. Caliquiri, supra, 158 N.J. at 42-43. The Court concluded that, because the Legislature had chosen to treat school zone drug offenses as particularly serious crimes, by giving them a penalty structure "'similar to that for second-degree offenses,'" including a mandatory prison term, the defendant should be subject to 3(i), as though he had been charged with a second-degree drug offense. Id. at 32, 43 (quoting State v. Baynes, 148 N.J. 434, 449 (1997)). Clearly, if possession of marijuana with intent to distribute were already included in 3(i), the Court would not have needed to consider that issue. Hence, we infer that the Court did not consider ordinary third-degree or lower charges of marijuana

possession with intent to distribute as being covered by Guideline 3(i). In light of Caliquiri, and given the remedial purpose of PTI, we will not construe Guideline 3(i) as applying to the relatively low-level offenses of non-school-zone third or fourth-degree possession of marijuana with intent to distribute. See N.J.S.A. 2C:43-12(a); State v. Roseman, 221 N.J. 611, 621-22 (2015); Watkins, supra, 193 N.J. at 513.[1]

---

[1] Based only on its wording, it is not clear whether Guideline 3(i) applies to possession of Schedule I and II narcotics with intent to distribute, or only to the "sale" of those narcotics. The term "distribute" includes both selling or sharing CDS. See N.J.S.A. 24:21-2; State v. Roach, 222 N.J. Super. 122, 126-27 (App. Div. 1987), certif. denied, 110 N.J. 317 (1988). The pertinent criminal statute, N.J.S.A. 2C:35-5, makes it unlawful "[t]o manufacture, distribute or dispense, or to possess . . . with intent to manufacture, distribute or dispense, a controlled dangerous substance." N.J.S.A. 2C:35-5(a)(1) (emphasis added). Guideline 3(i) does not track the language of N.J.S.A. 2C:35-5(a)(1), because it only refers to "sale," which is a subset of "distribute," and it does not list possession with intent. On the one hand, it is possible that 3(i) intentionally listed only the "sale" of CDS because it was aimed at persons who sell drugs for profit, as opposed to individuals who share CDS with companions. On the other hand, under N.J.S.A. 2C:35-5(b), possession with intent to distribute the listed drugs is the same degree crime as the sale of those drugs, suggesting that under Caliquiri's rationale 3(i) would, for example, apply to possession with intent to distribute heroin equally with the sale of heroin. Because marijuana is plainly not a "narcotic drug" within the meaning of 3(i), and because Caliquiri did not consider third-degree possession of marijuana with intent to distribute to be itself sufficient to trigger 3(i), we need not definitively address the issue in this case. However, we refer this issue to the Criminal Practice Committee for its consideration.

A defendant charged with one of the crimes included in Guideline 3(i) faces a significant hurdle to PTI admission, which other applicants need not surmount. Accordingly, the mistaken application of Guideline 3(i) to a defendant not charged with one of the included crimes constitutes a gross and patent abuse of the prosecutor's discretion. See Roseman, supra, 221 N.J. at 627; State v. Bender, 80 N.J. 84, 93 (1979).

In this case, the prosecutor applied the presumption of PTI ineligibility to defendant, based on his having been charged with fourth-degree possession of marijuana with intent to distribute, N.J.S.A. 2C:35-5(b)(12). The trial court applied the presumption as well. That error requires that we reverse the PTI order on appeal and remand this case to the prosecutor for reconsideration ab initio. See Roseman, supra, 221 N.J. at 629; Bender, supra, 80 N.J. at 97.

In addition to challenging the prosecutor's PTI decision, defendant argues that his trial counsel was ineffective in failing to bring to the prosecutor's attention defendant's substance abuse problems. We also note that, in sentencing defendant, the trial judge did consider his drug problem as a mitigating factor. Even if not required to address Guideline 3(i), evidence of a defendant's drug dependency may be an important factor in a PTI application. See N.J.S.A. 2C:43-

12(a)(1). To avoid a miscarriage of justice, we direct that, as part of the prosecutor's reconsideration of defendant's PTI application, defendant shall be given an opportunity to submit to the prosecutor any available evidence that he was drug dependent at the time he committed the offenses with which he was charged.[2] Given the passage of time, and our requirement that the review be ab initio, defendant may also bring to the prosecutor's attention any other pertinent information bearing on his PTI application. See State v. Randolph, 210 N.J. 330, 354 (2012).

Affirmed in part, reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] In light of our disposition of this appeal, we need not consider defendant's additional appellate arguments.