**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0625-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DAVON M. JOHNSON,

    Defendant-Appellant.

_____

        Submitted May 2, 2017 — Decided November 2, 2017

        Before Judges Messano and Suter.

        On appeal from the Superior Court of New
        Jersey, Law Division, Essex County, Indictment
        No. 15-01-0055.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Peter T. Blum, Assistant Deputy
        Public Defender, of counsel and on the brief).

        Carolyn A. Murray, Acting Essex County
        Prosecutor, attorney for respondent (Kayla
        Elizabeth Rowe, Special Deputy Attorney
        General/Acting Assistant Prosecutor, of
        counsel and on the brief).

PER CURIAM

Defendant appeals from the denial of his application for admission into the Pretrial Intervention Program (PTI) following his arrest for possession of one hundred fifty envelopes of heroin in a school zone. We affirm.

I.

Defendant, a twenty-one year old with no criminal record, was stopped by Newark police officers on May 18, 2014, for failing to stop at a red light. According to the police, when defendant reached into the glove compartment to retrieve his credentials, three bricks of heroin fell to the floor, containing one hundred fifty glassine envelopes of heroin. He was charged with three third-degree offenses: possession of heroin, N.J.S.A. 2C:35-10(a); possession of heroin with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(3); and possession of heroin with intent to distribute in a school zone, N.J.S.A. 2C:35-7.

Defendant applied for admission to PTI in July 2014. His counsel filed a letter providing a Statement of Compelling Reasons in support of his application. The letter noted defendant was a life-long Newark resident who graduated from Malcolm X Shabazz High School three years earlier. He had been active in varsity sports and was a full-time student at Bloomfield College, studying accounting. Defendant also worked at a number of different jobs and spent time caring for his younger sister, nieces and nephews.

Citing the purposes of PTI, defense counsel submitted that PTI would be a sufficient deterrent to future criminal conduct, that any indictable conviction would cause substantial hardship to defendant and his family, jeopardizing his ability to complete college and obtain employment in accounting. Counsel also noted the following mitigating factors: defendant's character and attitude, his lack of any prior delinquency or criminal activity, the likelihood he would respond affirmatively to probationary treatment, the role his youthfulness played in the offense and that the offense was the result of circumstances unlikely to recur.

Following review of defendant's application and his counsel's Statement Of Compelling Reasons, the Probation Office recommended against his admission to PTI, setting forth the following reasons:

> You were arrested by Newark Police in possession of 150 glassine envelopes of heroin. You reported no history of substance abuse or drug dependence. Based on the facts of the case and the likelihood of the present offense being a part of an organized criminal activity as well as a pattern of anti-social activity, your application for admittance into the PTI program is denied.

In a seven-page letter dated November 7, 2014, the State rejected defendant's PTI application. The letter reviewed defendant's personal circumstances, including his age, residence, education and work history, his denial of drug use and absence of

a criminal record.   The State also reviewed the details of defendant's offense.

Turning to an analysis of the aggravating factors it deemed relevant to defendant's application, the State cited and discussed the following factors: the nature of the offense, N.J.S.A. 2C:43-12(e)(1); the facts of the case, N.J.S.A. 2C:43-12(e)(2); the needs and interests of the victim and society, N.J.S.A. 2C:43-12(e)(7); whether or not the crime is of such a nature that the value of supervisory treatment would be outweighed by the public need for prosecution, N.J.S.A. 2C:43-12(e)(14); and whether or not the harm done to society by abandoning criminal prosecution would outweigh the benefits to society from channeling an offender into a supervisory treatment program, N.J.S.A. 2C:43-12(e)(17).   In discussing the nature of the offense, the State noted defendant was presumptively ineligible for PTI because he was charged with a school zone offense.

The State also identified mitigating factors relevant to its consideration of defendant's potential for rehabilitation: the motivation and age of defendant, N.J.S.A. 2C:43-12(e)(3); defendant had "no prior criminal record of any kind," N.J.S.A. 2C:43-12(e)(9); the crime did not involve violence or the threat of violence, N.J.S.A. 2C:43-12(e)(10); the lack of any evidence "suggest[ing] that defendant was involved with gangs or organized

crime," N.J.S.A. 2C:43-12(e)(13); and, because there were no co-defendants, defendant's participation in PTI would not adversely affect their prosecution, N.J.S.A. 2C:43-12(e)(16). The State determined the aggravating factors it identified outweighed the mitigating factors and militated against defendant's admission into PTI.

The State also addressed defendant's Statement of Compelling Reasons and arguments for admission. Among the reasons articulated in response, the State noted it "relied heavily" on the fact that, although defendant "is admittedly not a heroin user," he possessed "a significant amount of heroin" that was "conveniently packaged into three separate bricks" for distribution. The State also repeated that defendant was presumptively ineligible for PTI, stating, "Defendant's crimes not only include a school zone offense, but highlight the fact that he is charged with a heroin distribution offense despite not being drug dependent himself. Guideline 3(i) of R. 3:28." The State concluded defendant had failed to present sufficient compelling reasons to rebut the presumption against his admission.

An Essex County grand jury returned an indictment against defendant in January 2015, charging him with the same offenses filed against him at the time of his arrest.

On March 23, 2015, defendant filed an appeal with the Law Division from the State's rejection of his PTI application. Because "[a]n appeal by the defendant shall be made . . . within ten days after the rejection," R. 3:28(h), the appeal was untimely. The submission was also incomplete because three of the letter brief's seven pages were not included in the filing. In response, the State argued defendant's appeal was procedurally barred because it was untimely and further, that it should be denied on the merits.

The trial judge acknowledged the State's procedural argument but did not limit his reasons for denying the appeal to that basis. He stated, "[E]ven assuming that this appeal was not procedurally barred . . . I nonetheless find that the defendant's motion fails on the merits" and then proceeded to state the reasons for his ruling. The trial judge found the prosecutor had evaluated and weighed all relevant aggravating and mitigating factors, provided a synopsis of her reasoning and supporting caselaw regarding each factor and that the defendant had failed to demonstrate the rejection amounted to a clear error in judgment. Citing the Supreme Court's holding in State v. Caliguiri, 158 N.J. 25, 43 (1999) ("[W]e hold that prosecutors may treat N.J.S.A. 2C:35-7 as equivalent to a second-degree offense and consider PTI presumptively unavailable."), the trial judge noted the

presumption against admission was only overcome by a demonstration of compelling reasons, which defendant had failed to show.

Thereafter, defendant entered a guilty plea to one count of possession of heroin pursuant to a plea agreement and was sentenced to two years' probation.

Defendant presents the following issues for our consideration in his appeal:

POINT I

A REMAND SHOULD OCCUR BECAUSE THE TRIAL COURT DEPRIVED JOHNSON OF DUE PROCESS IN DECIDING THE PTI APPEAL BASED ON A DEFENSE BRIEF THAT WAS MISSING NEARLY HALF ITS PAGES. U.S. CONST. AMEND. XIV; N.J. CONST. ART. I, PARA. 1.

POINT II

THE COURT'S REFUSAL TO EXCUSE THE LATENESS OF THE PTI APPEAL WAS IMPROPER BECAUSE THE PAGES MISSING FROM THE DEFENSE BRIEF DEMONSTRATE THAT (A) GOOD CAUSE EXISTED FOR THE COURT TO ENLARGE THE TIME AND, ALTERNATIVELY, (B) THE OMISSION OF THE PAGES WAS INEFFECTIVE ASSISTANCE OF COUNSEL. U.S. CONST. AMENDS. VI, XIV; N.J. CONST. ART. I, PARAS. 1, 10.

A. GOOD CAUSE EXISTED TO ENLARGE THE TEN-DAY TIME LIMIT TO FILE A PTI APPEAL WHEN JOHNSON'S COUNSEL DID NOT LEARN OF THE PTI REJECTION FOR "MONTHS."

B. ALTERNATIVELY, THE UNPROFESSIONAL OMISSION OF THE PAGES WAS INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE A REASONABLE PROBABILITY EXISTS THAT THE COURT BELOW WOULD NOT HAVE HELD THE APPEAL TIME-BARRED HAD IT SEEN THE PAGES.

POINT III

A REMAND SHOULD OCCUR BECAUSE THE PROSECUTOR IMPROPERLY DENIED PTI BY APPLYING INAPPLICABLE PRESUMPTIONS.

A. THE PRESUMPTION AGAINST PTI FOR SECOND-DEGREE OFFENSES SHOULD NOT HAVE BEEN APPLIED TO THE THIRD-DEGREE OFFENSE OF POSSESSING DRUGS WITH INTENT TO DISTRIBUTE IN A SCHOOL ZONE.

B. EVEN IF THE SECOND-DEGREE-OFFENSE PRESUMPTION WAS THEORETICALLY APPLICABLE TO SCHOOL ZONE OFFENSES, THE PROSECUTOR SHOULD NOT HAVE APPLIED IT TO JOHNSON, WHO WAS SIMPLY DRIVING THROUGH WHEN THE POLICE STOPPED HIM AND FOUND HEROIN.

C. THE PRESUMPTION AGAINST PTI FOR THE "SALE" OF A NARCOTIC SHOULD NOT HAVE BEEN APPLIED TO JOHNSON BECAUSE HE WAS CHARGED WITH THE INTENT TO DISTRIBUTE, NOT AN ACTUAL SALE.

II.

In Point I, defendant argues the trial court deprived him of due process by deciding his motion based on a brief that was

8                                          A-0625-15T1

missing pages and without hearing oral argument on the motion.  We disagree.

As a general rule, we would expect there to be oral argument on such a motion.  Defendant has not represented that oral argument was requested, however.  Moreover, counsel was present on the return date of the motion and there is nothing in the transcript that reflects a request to be heard or the trial court's denial of such a request.

The letter brief that was submitted consisted of four pages, numbered 1, 5, 6 and 7.  We have been provided with the missing pages, 2, 3 and 4 and compared their contents to the facts and arguments presented to the trial court in the letter brief and from other sources.

Page 2 begins with the completion of the procedural history and proceeds to discuss defendant's personal circumstances, noting his gainful employment, college studies, athletic talent, and involvement with his nieces and nephews.  The page also includes a number of expressions of defense counsel's personal belief that defendant is a "a very worthy candidate for the PTI program."

Pages 3 and 4 are the first two pages of defendant's legal argument.  Approximately one-half of page 3 is a block quote from Guideline 1, Guidelines for Operation of Pretrial Intervention in New Jersey (Guidelines), Pressler & Verniero, <u>Current N.J. Court</u>

Rules, following R. 3:28 at 1235 (2017), setting forth the purposes of PTI. Approximately one-third of page 4 is a block quote from Guideline 2. In the remaining text, counsel addresses (a) and (b) of Guideline 1. He argues that, if defendant "can address whatever problem that caused this aberrational behavior," services provided to him could reasonably be expected to deter future criminal behavior. Reference is made to his employment and college matriculation and the negative consequences a criminal conviction would have to him personally and to his job prospects. The letter brief concedes defendant's "application on its face might not justify his admission into the PTI program," and presents a conclusory statement that upon appropriate consideration of "all of the compelling reasons previously submitted . . . it would appear that . . . [defendant] meets the burden that is imposed by" Guideline 2.

Our review of the omitted pages within the context of the submissions to the court and the trial court's detailed findings of fact reveals no material fact or argument that was not before the trial court. We therefore discern no prejudice to defendant arising from the omission of pages 2, 3 and 4.

### III.

In Point II, defendant argues the trial court erroneously "refus[ed] to excuse the lateness of" his PTI appeal. The record

fails to support this contention. Although the trial judge acknowledged that defendant's appeal from the PTI rejection was untimely, he addressed the merits of defendant's appeal and stated reasons for his denial. As a result, the argument presented in Point II regarding "good cause" to enlarge the time in which to file an appeal lacks any merit. R. 2:11-3(e)(2).

Defendant argues in the alternative that counsel was ineffective in submitting a brief that was missing pages. Generally, ineffective assistance of counsel claims are not entertained on direct appeal "because such claims involve allegations and evidence that lie outside the trial record." State v. Preciose, 129 N.J. 451, 460 (1992). In this case, however, the allegations and evidence are fully revealed by the record and it is unnecessary to resort to matters outside the record to decide this issue.

To prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (l) counsel's performance was deficient and he made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068, 80 L. Ed. 2d 674, 693, 698 (1984); State v. Fritz, 105 N.J. 42, 52 (1987).

Defendant contends the trial court "improperly decided" his PTI appeal based upon an incomplete version of the defense brief that "contained no excuse" for the untimely filing of the appeal and that as a result, the trial court held the appeal was procedurally barred as untimely. Even if we assume counsel's performance in submitting an incomplete letter brief satisfied the first Strickland prong, defendant cannot satisfy the second prong because the trial judge addressed the merits of his appeal and explicitly stated he found "the defendant's motion fails on the merits." This argument therefore lacks merit.

IV.

Finally, we turn to the merits of defendant's challenge to the rejection of his PTI application.

A.

The prosecutor's decision to accept or reject a defendant's PTI application is entitled to a great deal of deference, State v. Roseman, 221 N.J. 611, 624-25 (2015); State v. Leonardis, 73 N.J. 360, 381 (1977); and may be overruled only when the circumstances "'clearly and convincingly establish that the

prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of . . . discretion.'" <u>Roseman</u>, <u>supra</u>, 221 <u>N.J.</u> at 624-25 (citation omitted); <u>see</u> <u>State v. Nwobu</u>, 139 <u>N.J.</u> 236, 254 (1995) ("The question is not whether we agree or disagree with the prosecutor's decision, but whether the prosecutor's decision could not have been reasonably made upon weighing the relevant factors.").

In rendering the decision, the prosecutor must "make an individualized assessment of the defendant" and consider whether the defendant is amenable to rehabilitation. <u>Roseman</u>, <u>supra</u>, 221 <u>N.J.</u> at 621-22 (citation omitted). The prosecutor is also specifically required to consider the factors listed in <u>N.J.S.A.</u> 2C:43-12(e), <u>State v. Lee</u>, 437 <u>N.J. Super.</u> 555, 562 (App. Div. 2014). When the prosecutor rejects a PTI application, <u>N.J.S.A.</u> 2C:43-12(f) requires the prosecutor to "precisely state his findings and conclusion which shall include the facts upon which the application is based and the reasons offered for the denial." <u>See also</u> <u>State v. K.S.</u>, 220 <u>N.J.</u> 190, 198-99 (2014).

"Any defendant charged with crime is eligible for enrollment in a PTI program, but the nature of the offense is a factor to be considered in reviewing the application." Guideline 3(i). When the PTI Guidelines establish a rebuttable presumption against admission based on the nature of the offense, the defendant must

present "compelling reasons justifying the applicant's admission and establishing that a decision against enrollment would be arbitrary and unreasonable." Ibid. This means he "must demonstrate something extraordinary or unusual, something 'idiosyncratic,' in his . . . background." Nwobu, supra, 139 N.J. at 252 (quoting State v. Jabbour, 118 N.J. 1, 7 (1990)).

B.

As we have noted, the State's letter rejecting defendant's PTI application addressed the relevant statutory factors, made specific findings as to relevant aggravating and mitigating factors, discussed defendant's arguments and clearly stated the reasons for denying his application. Addressing the nature of the offense, N.J.S.A. 2C:43-12(e)(1), the rejection letter stated defendant was presumptively ineligible due to the nature of the charges against him, citing Calquiri, supra, 158 N.J. at 43. The State also cited Guideline 3(i) as creating a presumption against admission for defendants charged with "sale or dispensing . . . of Schedule I or II narcotic drugs . . . by persons not drug dependent."

In Point III, defendant argues these presumptions against admission to PTI were inapplicable to his case and that the prosecutor's reliance upon them requires a remand. Defendant did not present this argument to the trial court. Instead, he accepted

14

the premise that a presumption against admission applied and argued he had presented sufficient compelling reasons to warrant his admission to PTI. Because his argument that the prosecutor erred in applying these presumptions is presented for the first time on appeal, we need not address it. See State v. Robinson, 200 N.J. 1, 19-20 (2009). However, we note that, for the following reasons, we find the arguments unpersuasive.

In Caliquiri, supra, 158 N.J. 28, 32 (1999), the prosecutor refused a PTI application "solely" because the applicant was charged with possession of marijuana with intent to distribute in a school zone, N.J.S.A. 2C:35-7. The Court rejected the prosecutor's premise, but stated, "[a]lthough N.J.S.A. 2C:35-7 offenders are not categorically ineligible for PTI, there is a presumption against diversion." Id. at 42.

Defendant argues the reasoning underlying this pronouncement has been undermined by subsequent amendments to N.J.S.A. 2C:35-7, which include the availability of non-custodial sentences. No case is cited, however, that supports his argument the Court's instruction in Caliquiri is no longer viable. To the contrary, as recently as last year, we recognized Caliquiri as providing guidance on how to interpret Guideline 3(i). See State v. Coursey, 445 N.J. Super. 506, 511 (App. Div. 2016).

Defendant also argues it was error and an abuse of discretion to apply this presumption to him because he was neither engaged in nor charged with a sale or distribution of heroin. The defendant in Caliquiri was charged with possession of marijuana with intent to distribute in a school zone under circumstances that, like here, did not entail a drug transaction. The fact the Supreme Court nonetheless found the presumption against PTI eligibility applied to those facts renders defendant's argument devoid of merit.

We therefore conclude defendant's arguments challenging the application of the presumption against PTI ineligibility lack merit. Although he has not challenged the decision that he failed to present compelling reasons to override that presumption, we are also satisfied the reasons presented fell short of the "compelling" standard. Finally, we also conclude the prosecutor's decision was reasonably made upon a weighing of appropriate factors and should not be disturbed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION