# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4437-18T3

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

EMMET J. RYDER,

     Defendant-Respondent.

_____

Submitted October 16, 2019 – Decided November 1, 2019

Before Judges Fisher and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 18-10-0933.

Esther Suarez, Hudson County Prosecutor, attorney for appellant (Roseanne Sessa, Assistant Prosecutor, of counsel and on the brief).

Joseph E. Krakora, Public Defender, attorney for respondent (Daniel S. Rockoff, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

In this appeal, the State argues the motion judge erred in admitting defendant to pretrial intervention (PTI) over the prosecutor's objection and without requiring a guilty plea for a second-degree offense. After careful consideration, we conclude that the motion judge's decision to override the prosecutor's objection constituted an abuse of discretion.

The facts are simple. A handgun with a defaced serial number and a loaded magazine were found in defendant's vehicle by a company hired to repossess it. During questioning, defendant told police he found the gun about two weeks earlier and meant to turn it over to them but forgot.

Defendant was indicted and charged with second-degree unlawful possession of a weapon without a permit, N.J.S.A. 2C:39-5(b)(1), fourth-degree possession of a prohibited weapon and device, N.J.S.A. 2C:39-3(d), and fourth-degree possession of hollow nose bullets, N.J.S.A. 2C:39-3(f)(1).

Defendant applied for entry into PTI. The criminal division manager's office recommended acceptance, but the prosecutor expressed disagreement, prompting defendant to seek relief in the trial court. In an oral opinion, the judge granted defendant's motion and ordered PTI enrollment. The motion judge also stayed the order pending appeal.

2

In appealing, the State argues that the motion judge erred in ordering PTI admission over the prosecutor's objection and by permitting PTI admission without a guilty plea. Because we agree with the State's first point, we need not reach the second.

Deciding to admit a defendant into PTI is a "quintessentially prosecutorial function," State v. Roseman, 221 N.J. 611, 624 (2015), which must be afforded "extreme deference," State v. Nwobu, 139 N.J. 236, 246 (1995). The prosecutor is statutorily charged with conducting an "individualized assessment," Roseman, 221 N.J. at 621, of the defendant's "amenability to correction" and potential "responsiveness to rehabilitation," State v. Watkins, 193 N.J. 507, 520 (2008) (quoting N.J.S.A. 2C:43-12(b)), through a consideration of N.J.S.A. 2C:43-12's factors. The prosecutor's written statement when opposing admission facilitates judicial review, assists in evaluating program success, allows defendants an opportunity to respond, and dispels suspicions of arbitrariness. State v. Negran, 178 N.J. 73, 82 (2003). The prosecutor's statement must be specific enough to give the defendant a "meaningful opportunity" to argue the prosecutor's position is unfounded. Nwobu, 139 N.J. at 249.

The prosecutor objected to defendant's admission into PTI on the basis of four of the statutory factors: the nature of the offense; the facts of the case; a

continuing pattern of antisocial behavior; and the balancing of the costs and benefits regarding potential societal harm. N.J.S.A. 2C:43-12(e)(1), (2), (8), and (17). In support of the first, second, and fourth of these cited factors, the prosecutor asserted that defendant had "possession of a black colored handgun and a loaded magazine" in the trunk of his vehicle, that a serial number was defaced, and that defendant lacked a permit to possess the weapon. To support the third factor cited, the prosecutor referred to defendant's various motor vehicle infractions and a thirty-five-year-old disorderly persons conviction. In objecting, the prosecutor invoked the State's "obligation to prosecute gun crimes" and cited in particular the obvious dangers presented by an individual's possession of a loaded weapon in a motor vehicle.

To convince a court to override the prosecutor's position, an accused must "clearly and convincingly" show that the refusal was "based on a patent and gross abuse of . . . discretion." State v. Wallace, 146 N.J. 576, 582 (1996). Such an abuse of discretion occurs when it can be shown that the "prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment." Id. at 583. To rise to the level of patent and gross, the accused must show that the decision to deny admission "will clearly subvert

4

[PTI's] goals," Roseman, 221 N.J. at 625, and "has gone so wide of the mark" of PTI's goals "that fundamental fairness and justice require judicial intervention," Watkins, 193 N.J. at 520.

In ordering defendant enrolled in PTI over the prosecutor's objection, the motion judge referred to the applicable legal authorities and recognized that the prosecutor's decision was owed great deference, particularly when considering the presumption against admission for second-degree crimes and the application of the patent and gross standard. The judge noted that she believed the prosecutor's statement of reasons to be a mere list of facts and that the prosecutor's assertion of a continuing pattern of antisocial behavior was erroneous because of the many years that had elapsed since defendant's disorderly persons conviction. The judge also stated that she "fe[lt]" all "relevant factors may not have been considered" and that some that were considered factors were "not appropriate."

We conclude that the judge erred by not giving the prosecutor's position sufficient deference and by discounting the factors on which the prosecutor relied. For example, there is a presumption against PTI admission when a defendant faces a second-degree offense. N.J.S.A. 2C:43-12(g)(3); R. 3:28-5(b)(2). To be sure, this fact can be overcome by showing that the defendant

would be amenable to the rehabilitative process, when there are compelling reasons justifying admission, and when rejection of the defendant's PTI application would otherwise be "arbitrary and unreasonable," State v. Coursey, 445 N.J. Super. 506, 510 (App. Div. 2016), but, even then, societal interests may still justify denial, State v. Waters, 439 N.J. Super. 215, 227 (App. Div. 2015).

The State argues that public policy militates against PTI because of "the strong interest" in deterring individuals from possessing "loaded weapons . . . without permits," and that the public is better served when such matters are adjudicated through prosecution. We agree with the State that this is a compelling factor that fully supported the prosecutor's position. It may be, as defendant persuasively argues and as the motion judge determined, that factor seventeen – the pattern of continuing antisocial behavior, N.J.S.A. 2C:43-12(e)(8) – might not have been applicable or certainly should not have been given much weight due to the lengthy passage of time since defendant's prior conviction. See State v. K.S., 220 N.J. 190, 201 (2015). Even if this factor was removed from the calculus, the prosecutor's basis for objecting was entitled to considerable deference because of the particular threat to society caused by handguns. The allegations here are that defendant lacked a permit to possess a handgun, he knew he should not have been in possession of the handgun – as he

demonstrated when stating he meant to turn the weapon in but "forgot" – and yet he kept the loaded weapon in his vehicle. Indeed, the handgun had a defaced serial number and was not only loaded but loaded with hollow point bullets. The prosecutor was fully justified in objecting to PTI enrollment and the judge mistakenly failed to give the prosecutor's position sufficient deference.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4437-18T3