**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1975-24

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

JESSICA N. YANNACONE,

    Defendant-Respondent.

_____

Submitted September 10, 2025 – Decided September 23, 2025

Before Judges Mayer and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment Nos. 23-08-1492 and 23-11-2014.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for appellant (Samuel Marzarella, Chief Appellate Attorney, of counsel; William Kyle Meighan, Supervising Assistant Prosecutor, on the brief).

Jennifer N. Sellitti, Public Defender, attorney for respondent (Nadine Kronis, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

The State appeals from an order directing defendant Jessica N. Yannacone's admittance into the Pretrial Intervention Program (PTI) over the Ocean County Prosecutor's (the prosecutor) objection. Based on our de novo review, we vacate the trial court's order and remand for further proceedings.

I.

We glean the salient facts from the motion record. During the early afternoon of October 23, 2022, defendant drove into the rear of a stopped vehicle, causing the passenger of the other vehicle to sustain a concussion and other injuries. Defendant spoke slowly, slurred her words, and appeared disoriented and confused at the scene. Officers administered a field sobriety test and, based on the results, arrested defendant for driving while intoxicated (DWI). The responding officers seized a prescription bottle of Clonazepam from defendant's purse and smelled alcohol on her breath while at police headquarters.

Defendant was charged with assault by auto, N.J.S.A. 2C:12-1(c)(2); DWI, N.J.S.A. 39:4-50; refusal to submit to a breath test, N.J.S.A. 39:4-50.2; reckless driving, N.J.S.A. 39:4-96; following too closely, N.J.S.A. 39:4-89; and failure to carry motor vehicle insurance, N.J.S.A. 39:6B-2. A grand jury indicted defendant with fourth-degree assault by auto, N.J.S.A. 2C:12-1(c)(2).

A few months later, when defendant was again stopped by the police, she spoke rapidly to the officer about irrelevant topics and appeared nervous. A K-9 unit conducted an exterior sniff test of the vehicle which led to recovery of a glass pipe containing burnt residue and a small bag containing a hard rock-like substance, later found to be methamphetamine. Defendant was arrested and issued summonses for possession of controlled dangerous substance (CDS), including cocaine, amphetamine, clonazepam and related paraphernalia, along with failing to maintain headlights on her motor vehicle. A grand jury indicted defendant, charging her with third-degree CDS possession, N.J.S.A. 2C:35-10(a)(1).

The next month, defendant was again arrested and charged with possession of CDS and related paraphernalia. Later in 2023 and during 2024, defendant was charged with additional crimes including simple assault, disorderly conduct, hindering, criminal mischief, and resisting arrest as a result of subsequent incidences.

Defendant participated in substance abuse treatment at four facilities during the span of 2021 to 2024: Revelare Recovery, Pyramid, New Hope and Taylor Care at Tuckerton for Mental Health and Substance Abuse. While defendant asserted she complied with her treatment at Pyramid and New Hope,

3

she admitted that "she became homeless and was not able to continue her treatment" at Tuckerton. She was also enrolled in a long-term treatment program at Revalare, but claimed she was forced to discontinue treatment due to insurance-related issues.

On November 14, 2024, defendant applied for PTI. About two weeks later, defendant was enrolled in the Support Team for Additional Recovery (STAR) program.[1]

Although defendant's charges were deemed ineligible for mandatory recovery court, an Ocean County probation officer "guardedly recommended [defendant] to the PTI program" after reviewing defendant's past treatment and numerous contacts with the court system. In addition to the pending charges, defendant had been convicted of two prior DWIs—one in December 2019 and the other in March 2018.

In a January 17, 2025 letter, the prosecutor denied defendant's application for PTI after analyzing each of the seventeen statutory factors set forth in N.J.S.A. 2C:43-12(e). The prosecutor found only three of the seventeen factors

---

[1] According to the record, the STAR program "provides case management and recovery support services for individuals struggling with an opioid and/or stimulant use disorder."

A-1975-24

supported defendant's admission into PTI but declined to give them "heavy weight." Conversely, the prosecutor found eleven of the seventeen factors "weigh[ed] against . . . defendant's admission into PTI," while three of the statutory factors were inapplicable.

In considering the facts and nature of defendant's offenses under N.J.S.A. 2C:43-12(e)(1) and (2), the prosecutor found defendant's characteristics and substance abuse issues were not unique and did not warrant PTI. The prosecutor further stated:

> [T]he [d]efendant is charged with not just one set of offenses on a single offense date, but rather is facing a number of charges from three separate incident dates. The purpose of PTI is to allow a defendant an alternate avenue to the ordinary course of prosecution, and to allow an otherwise law-abiding individual, the opportunity to avoid a criminal conviction. This [d]efendant, however, has already demonstrated a disregard for the laws of this state on not just one or two occasions, but three occasions.

As to N.J.S.A. 2C:43-12(e)(3), defendant's motivation and age, the prosecutor outlined defendant's prior arrests and charges alongside her history of substance abuse treatment, and explained this factor was given "light weight . . . due to [defendant's] past poor performance when . . . engaging in treatment and remaining offense free and sober."

A-1975-24

The prosecutor considered N.J.S.A. 2C:43-12(e)(4), the desire of the victim to forego prosecution, and found the victim's opposition to defendant's participation in PTI weighed against granting the application. The prosecutor relied on the victim's "belie[f] [defendant] should be held accountable for [consuming] illicit substances and subsequently operating a motor vehicle which resulted in the collision." The passenger's victim impact statement also asserted defendant was "careless and unapologetic."

In considering N.J.S.A. 2C:43-12(e)(5), defendant's problems and character relating to the underlying crime, the prosecutor concluded the charges stemmed from substance abuse issues. The prosecutor stated "there are services available through the criminal justice system which may be just as effective, if not more effective, than PTI," and observed "it would appear defendant would benefit from some type of court ordered treatment or substance abuse counseling," which may be obtained through ordinary probation. The prosecutor took the position that probation would benefit defendant because it is "more stringent" than PTI. Since this was not defendant's first DWI, the prosecutor concluded proper supervision during probation would prevent future criminal behavior and weighed this factor against granting defendant's PTI application.

A-1975-24

As to N.J.S.A. 2C:43-12(e)(6), the likelihood that defendant's crime is related to a condition that would be conducive to change through supervisory treatment, the prosecutor found:

> [the likelihood defendant's crime] is related to a condition or situation that would be conducive to change through [her] participation in supervisory treatment . . . weighed slightly in favor of [defendant's] admission into PTI, merely [because] . . . some form of supervision could be conducive to changing [defendant's] behavior in the future.

The prosecutor found that "it is unclear why the PTI program form of supervision would be any more effective or conducive to change than a standard probationary form of supervision." The prosecutor did not reference defendant's participation in the STAR program or consider the substance abuse treatment she was receiving at Pyramid, along with other rehabilitative efforts made by defendant.

The prosecutor found N.J.S.A. 2C:43-12(e)(7), the needs and interests of the victim and society, weighed against defendant's application. The prosecutor reasoned society has an interest against individuals driving while intoxicated, citing once again to defendant's offense and arrest history, along with the victim's position.

A-1975-24

As to N.J.S.A. 2C:43-12(e)(12), history of use of physical violence towards others, the prosecutor determined this factor supported defendant's admission into PTI because the record did not establish any history of physical violence. Finally, the prosecutor found N.J.S.A. 2C:43-12(e)(13), (15) and (16) "to be inapplicable to this case, as there are no co-defendants and this is not a situation involving organized criminal activity."

Defendant appealed the prosecutor's denial to the Law Division. During oral argument, defense counsel clarified defendant "ha[d] been [enrolled] in the STAR program" since November 27, 2024, and was living at an inpatient substance abuse treatment facility since February 11, 2025. Defense counsel explained defendant would be there "until May 10th [at] minimum."

The prosecutor observed that, although defendant had no prior indictable convictions, she had subsequently served at least one jail sentence for a municipal court conviction. The prosecutor again argued that "in this situation an individual with two open files and a DWI related to one of those cases, notably not her first [DWI], is not an individual where PTI is appropriate."

The trial court concluded the prosecutor's denial constituted a gross and patent abuse of discretion, finding certain conclusions in the January 17, 2025 letter "were in direct contrast to conclusions" articulated on the State's behalf

8

during the hearing.  The trial court highlighted the inconsistencies by explaining that in its brief the prosecutor "indicate[s] that [defendant] has not demonstrated any real motivation to support her involvement in PTI" but, in the January 17, 2025 letter, the prosecutor gave "light weight . . . due to defendant's poor performance."  The trial court also found defendant availed herself of services while incarcerated and was currently attending a substance abuse program.

The trial court also found the "inapplicable" factors weighed in favor of granting PTI, concluding that there was no published case law to guide its determination otherwise.  The trial court found further:

> [W]hile a disagreement in the application of the factors would not rise to the level of finding a patent and gross abuse of discretion, I do find that this is more than a simple disagreement in the analysis of the factors. Again, I believe that there are contradictions within the State's own analysis.  I . . . believe that the State has by clear and convincing evidence made a clear gross and patent abuse of discretion in denying this defendant into PTI.
>
> And again, I go back to what I laid out on the record and, specifically, with regard to the motivation of this defendant, the fact that PTI and substance abuse treatment is court ordered and that there are consequences, and there is nothing to indicate that the PTI could not deter this defendant from violating the law.  I also believe that the PTI—if the . . . victim is looking for accountability, that PTI does hold defendant accountable and again there could and most

9

likely would be a [DWI] plea which would certainly also cause accountability.

The trial court granted defendant's application, ordering her admission to PTI for a three-year period conditioned on defendant entering a guilty plea to the DWI charge, engaging in substance abuse and mental health treatment, submitting to drug and alcohol testing, paying the victim $500 restitution and remitting all applicable fines and fees.

This appeal followed. On appeal, the State argues the trial court imposed its own discretionary finding that PTI would serve as a suitable deterrent to future conduct, contrary to the prosecutor's rejection, and failed to give due consideration to the victim's objection to defendant's admission into PTI. The State also maintains that, because defendant failed treatment on her own, displayed a continuing pattern of anti-social behavior, and has a history of DWI offenses, PTI is inappropriate and defendant should receive treatment through ordinary probation.

II.

A.

"PTI is a diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior." State v. Johnson, 238 N.J. 119, 127 (2019)

10

(quoting State v. Roseman, 221 N.J. 611, 621 (2015) (internal quotations omitted)). The "primary goal" of PTI is the "rehabilitation of a person accused of a criminal offense." State v. Bell, 217 N.J. 336, 346 (2014) (citing State v. Leonardis, 71 N.J. 85, 94 (1976)). "It is designed 'to assist in the rehabilitation of worthy defendants, and, in the process, to spare them the rigors of the criminal justice system.'" State v. Randall, 414 N.J. Super. 414, 419 (App. Div. 2010) (quoting State v. Watkins, 193 N.J. 507, 513 (2008)).

Deciding whether to permit a defendant to divert to PTI "is a quintessentially prosecutorial function," State v. Wallace, 146 N.J. 576, 582 (1996), for which a prosecutor is "afford[ed] . . . broad discretion." State v. E.R., 471 N.J. Super. 234, 245 (App. Div. 2022) (quoting State v. K.S., 220 N.J. 190, 199 (2015)). It is the "fundamental responsibility" of the prosecutor to decide whom to prosecute, Kraft, 265 N.J. Super. 106, 111 (App. Div. 1993), and, therefore, prosecutors have wide latitude in PTI determinations. See Wallace, 146 N.J. at 582; State v. Nwobu, 139 N.J. 236, 246 (1995).

However, a prosecutor's discretion is not unbridled. In determining a defendant's eligibility for PTI, a prosecutor must make an "individualized assessment of the defendant." Roseman, 221 N.J. at 621-22; see also N.J.S.A. 2C:43-14. The Court has consistently rejected categorical prohibitions against

11

admission to PTI based on the offense charged. See State v. Caliguri, 158 N.J. 28, 39 (1999). "PTI eligibility has been broadly defined, subject to specified exclusions, to 'include[] all defendants who demonstrate the will to effect necessary behavioral change such that society can have confidence that they will not engage in future criminality.'" State v. Gomes, 253 N.J. 6, 17 (2023) (quoting Watkins, 193 N.J. at 513). Thus, "PTI decisions are 'primarily individualistic in nature' and a prosecutor must consider an individual defendant's features that bear on [their] amenability to rehabilitation." State v. Nwobu, 139 N.J. at 255 (quoting State v. Sutton, 80 N.J. 110, 119 (1979)).

The State "may consider a wide array of factors when determining whether to recommend someone for PTI." Gomes, 253 N.J. at 17. However, the following non-exhaustive list of seventeen factors a prosecutor must consider is contained in N.J.S.A. 2C:43-12(e):

> (1) The nature of the offense;
>
> (2) The facts of the case;
>
> (3) The motivation and age of the defendant;
>
> (4) The desire of the complainant or victim to forego prosecution;
>
> (5) The existence of personal problems and character traits which may be related to the applicant's crime and for which services are unavailable within the criminal

justice system, or which may be provided more effectively through supervisory treatment and the probability that the causes of criminal behavior can be controlled by proper treatment;

(6) The likelihood that the applicant's crime is related to a condition or situation that would be conducive to change through his participation in supervisory treatment;

(7) The needs and interests of the victim and society;

(8) The extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior;

(9) The applicant's record of criminal and penal violations and the extent to which he may present a substantial danger to others;

(10) Whether or not the crime is of an assaultive or violent nature, whether in the criminal act itself or in the possible injurious consequences of such behavior;

(11) Consideration of whether or not prosecution would exacerbate the social problem that led to the applicant's criminal act;

(12) The history of the use of physical violence toward others;

(13) Any involvement of the applicant with organized crime;

(14) Whether or not the crime is of such a nature that the value of supervisory treatment would be outweighed by the public need for prosecution;

A-1975-24

(15) Whether or not the applicant's involvement with other people in the crime charged or in other crime is such that the interest of the State would be best served by processing his case through traditional criminal justice system procedures;

(16) Whether or not the applicant's participation in pretrial intervention will adversely affect the prosecution of codefendants; and

(17) Whether or not the harm done to society by abandoning criminal prosecution would outweigh the benefits to society from channeling an offender into a supervisory treatment program.

After a prosecutor evaluates the seventeen individual factors listed in N.J.S.A. 2C:43-12(e), "[t]he nature of the offense should be considered in reviewing the application" and "[i]f the crime was . . . deliberately committed with violence or threat of violence against another person[,] . . . the defendant's application should generally be rejected." R. 3:28-4(b)(1).

B.

We review the trial court's determination of an appeal of a prosecutor's decision to deny a defendant's PTI application de novo. State v. Waters, 439 N.J. Super. 215, 226 (App. Div. 2015); see also K.S., 220 N.J. at 202-203. "A trial court does not evaluate a PTI application 'as if it [stands] in the shoes of the prosecutor.'" State v. Hoffman, 399 N.J. Super. 207, 216 (App. Div. 2008) (quoting Wallace, 146 N.J. at 589). A trial court, in its capacity as reviewer of

14

a prosecutor's denial of PTI, "'does not have the authority in PTI matters to substitute [its own] discretion for that of the prosecutor.'" Waters, 439 N.J. Super. at 253 (alteration in original) (quoting Nwobu, 139 N.J. at 253).

Indeed, "[a] reviewing court must assume, absent evidence to the contrary, that the prosecutor's office has considered all relevant factors in reaching the PTI decision. This presumption makes it very difficult to reverse a prosecutor's decision on that basis." Nwobu, 139 N.J. at 249 (internal citations omitted). As a result, a "[d]efendant generally has a heavy burden when seeking to overcome a prosecutorial denial of [their] admission into PTI." Watkins, 193 N.J. at 520.

Under this statutory and rule-based framework, the scope of a trial court's review of a prosecutor's PTI denial is severely limited and designed to address "only the 'most egregious examples of injustice and unfairness.'" State v. Negran, 178 N.J. 73, 82 (2003) (quoting State v. Leonardis, 73 N.J. 360, 384 (1977)). Thus, "[i]n order to overturn a prosecutor's rejection, a defendant must 'clearly and convincingly establish that the [p]rosecutor's decision constitutes a patent and gross abuse of discretion[,]'" meaning that the decision "has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention." Watkins, 193 N.J. at 520 (quoting Wallace, 146 N.J. at 582-83). A "patent and gross abuse of discretion," Watkins,

193 N.J. at 520, is found only where clear and convincing evidence establishes "that the [PTI] denial '(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment.'" State v. E.R., 471 N.J. Super. at 245 (quoting State v. Lee, 437 N.J. Super. 555, 563 (App. Div. 2014)). The issue before the trial court is whether the prosecutor's decision could not reasonably have been made on a weighing of the relevant factors. Nwobu, 139 N.J. at 254 (noting "an error in applying guidelines to the facts of the case must be 'clearly unreasonable so as to shock the judicial conscience'" to qualify as a "clear error in judgment") (quoting State v. Roth, 95 N.J. 334, 365 (1984)).

C.

Guided by these principles, we are constrained to vacate the trial court's order granting defendant's appeal and admitting her into PTI over the prosecutor's objection, remanding this matter for the prosecutor to consider defendant's participation in substance abuse programs—both while incarcerated and afterwards—weighing PTI as opposed to other avenues of rehabilitation, along with the other statutory factors. Considering the passage of time since the prosecutor last considered defendant's PTI application, defendant shall be afforded the opportunity to supply the prosecutor with additional proofs bearing

16

on her application, including pertinent information and reports related to her progress in the STAR and other programs, along with any other proofs now available on the outcome of previously-pending charges. See State v. Coursey, 445 N.J. Super. 506, 512-13 (App. Div. 2016). The prosecutor shall review the application anew on the supplemented record.

Here, the prosecutor did not dispute that substance abuse was at the core of defendant's offenses. However, the prosecutor did not expressly consider that "following the instant offenses, [defendant] has received substance abuse treatment services through the STAR program, completed practically every program available to her in the jail following her arrest on a municipal court charge, and successfully completed a three-month-long inpatient substance abuse treatment program." Nor did the prosecutor explain why PTI was not an adequate avenue for defendant to receive substance abuse treatment, weighing that factor with the others under N.J.S.A. 2C:43-12(e).

When a prosecutor fails to adequately explain the reasoning for its assessment of the relevant statutory factors, as it did here, a remand is warranted. See E.R., 471 N.J. Super. at 237. In E.R., we reviewed whether the prosecutor properly denied E.R.'s PTI application "based primarily on the belief that probation could provide a more appropriate level of supervision . . . without

addressing the type of supervision defendant required or why it couldn't be afforded her through PTI." Ibid. Although the trial court in E.R. did not conclude there was an abuse of discretion in denying the defendant's PTI application, finding the "minimal level of supervision and requirements of the PTI program . . . [was] not adequate to supervise [E.R.] based upon her needs and issues," we vacated and remanded for further consideration by the prosecutor, concluding they "did not explain why the supervisory services offered through probation were unavailable to [E.R.] if she was admitted into PTI." Id. at 247.

Similarly, in State v. Fitzsimmons, we remanded for the State to explain its "concern that the short-term supervision characteristic of PTI admission would be inadequate to insure defendant's rehabilitation." 286 N.J. Super. 141, 145 (App. Div. 1995). We also directed the prosecutor to reconsider Fitzsimmons's PTI application and "focus . . . on the issue of whether despite defendant's remarkable rehabilitation, the countervailing public interest nevertheless demands prosecution of these . . . offenses." Id. at 146.

Based on our review of the decisional law as applied to the record here, we vacate the trial court's February 27, 2025 order and remand the matter for the prosecutor to review defendant's PTI application anew, consistent with this

A-1975-24

decision, within thirty days. The prosecutor shall submit its reevaluation to the defendant and the trial court, advising whether it continues its objection to PTI. The trial court shall conduct further proceedings, if necessary.

To the extent the trial court found the inapplicable factors weighed in favor of defendant's admission into PTI, our prior decisional law disposes of this issue. It is well-settled that consideration of irrelevant or inappropriate factors can formulate the basis for a finding of gross and patent abuse of discretion. See State v. Bender, 80 N.J. 84, 93 (1979). Thus, the prevailing standard provides a prosecutor should not weigh inapplicable factors. Accordingly, we decline to conclude the prosecutor's finding that the inapplicable factors did not weigh either in favor of granting or denying defendant PTI constituted a patent or gross abuse of discretion.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1975-24