668 A.2d 453

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. KEVIN FITZSIMMONS, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 24, 1995—Decided December 26, 1995.

Before Judges PRESSLER, KEEFE and A.A. RODRÍGUEZ.

*Brian J. Neary,* attorney for appellant (*Mr. Neary,* of counsel and on the brief; *Yung–Mi Lee,* on the brief).

*Charles R. Buckley,* Acting Bergen County Prosecutor, attorney for respondent (*John J. Scaliti & Stuart Minkowitz,* Special Deputy Attorneys General, of counsel and on the letter brief).

The opinion of the court was delivered by

KEEFE, J.A.D.

On the State's motion for reconsideration, the Law Division judge reversed his prior ruling and rejected defendant's application for participation in the Pre-trial Intervention Program ("PTI"). Thereafter, defendant pled guilty to two counts of third degree burglary in connection with an accusation, and also pled guilty to third degree distribution of a controlled dangerous substance and distribution of a controlled dangerous substance within 1,000 feet of school property in connection with an indictment. Pursuant to the plea agreement, a second Law Division judge imposed a sentence of five years probation on the condition that defendant enter into a ninety day inpatient drug rehabilitation program.

Defendant now appeals from the Law Division judgment denying his participation in PTI. He contends that the judge erred by entertaining the State's motion for reconsideration out-of-time, and, alternatively, that the prosecutor's rejection of defendant's

participation in PTI constitutes a clear error of judgment and gross abuse of discretion. We agree with defendant's contentions and reverse.

This is the second time this matter comes before us. On the first occasion, the State appealed from a Law Division judgment holding that the State had abused its discretion in rejecting defendant's participation in PTI. That judge ordered defendant's participation in PTI on certain conditions. The judge's reasons are contained in the following passage taken from his bench opinion of April 30, 1993.

> The Court finds that the State has abused [it's] discretion by failing adequately to account for the self-willed, vigorous rehabilitation that this defendant has undergone. The Court also finds that the State has considered irrelevant factors by suggesting the fear of the victims, but producing no indication from the victims that they, in fact, fear this young man; and by suggesting that because the drug problem existed for sometime in his life prior to these arrests, it is not likely to be eradicated in the thirteen months.

At the time the first Law Division judgment was entered, the two burglary charges stemming from the incidents of March 13, 1992 and April 7, 1992 were the only formal charges pending against defendant. However, the judge was aware of the fact that drug distribution charges, stemming from incidents that occurred on March 27, 1992 in the same county, were pending without formal disposition having been made by way of indictment. Although the charges were not formally before the court at that time, the judge considered those charges in coming to his conclusion concerning defendant's qualification for participation in PTI.[1]

In our unreported opinion of September 28, 1993, we also considered the burglary charges which were the subject of the PTI application as well as the drug charges, and observed that all of the events took place during a "three-week crime spree, [when] defendant was only three or four months past his eighteenth

---

[1] The indictment was not returned until May 18, 1993, thirteen months after his arrest on those charges, charging defendant on six counts of drug related activities.

birthday." [2]  We further noted that defendant had no prior record of juvenile delinquency, but had apparently been a substance abuser since the age of twelve.  We further agreed with the trial judge that, in recognition of his drug problems, defendant had, since his arrest, participated in "an impressive and apparently successful rehabilitation program."

However, we viewed the prosecutor's rejection of defendant's participation differently than the Law Division judge.  Instead of finding that defendant's rejection resulted from prosecutorial abuse of discretion, we concluded that the prosecutor simply erred in considering all relevant factors necessary to make the proper judgment.  We did so because our review of the record satisfied us that "one of the major reasons for [the prosecutor's] denial was the concern that the short-term supervision characteristic of PTI admission would be inadequate to insure defendant's rehabilitation."  We were concerned that the prosecutor was laboring under the view that PTI supervision could be ordered only for one year.  We noted that *N.J.S.A.* 2C:43–13c was amended by L.1988, c. 44 to extend the maximum allowable period of PTI supervision from one to three years.  However, because the court rule had not yet been amended to conform to the statute, we were concerned that the prosecutor may have overlooked the amendment when he used the phrase in expressing concern about the limits of available "short-term" PTI supervision.

Thus, we remanded the matter to the prosecutor for further consideration, *State v. DeMarco,* 107 *N.J.* 562, 567, 527 *A.2d* 417 (1987), with the following observation for guidance on remand.

We understand that in the prosecutor's judgment the negative considerations could not be outweighed by short-term supervision.  But we think it clear that the opportunity for extended supervision may be of sufficient significance to change the balance not only in terms of the ultimate success of defendant's rehabilitation program and the permanence of his recovery but also in terms of the prosecutorial assessment of defendant's likelihood of committing additional crimes—an assessment which is not fairly supported by this record.  In sum, because individual evaluation is at the heart of PTI evaluation, the possibility of an extended

---

[2] A–511–925F.

supervision may induce the prosecutor to take a more generous approach to this defendant. We are also of the view that that possibility will require the prosecutor to focus, as he should, on the issue of whether despite defendant's remarkable rehabilitation, the countervailing public interest nevertheless demands prosecution of these third-degree offenses.

We also recommended a formal consolidation of defendant's PTI application in connection with the drug charges with the PTI application stemming from the burglary charges.

On remand, defendant supplemented the record with respect to his continued success in the drug rehabilitation program in which he was enrolled. Defendant was, nonetheless, rejected. The matter came before another Law Division judge on November 16, 1993. Briefs were filed by both sides. Simply stated, the State's position was that "to admit this defendant into PTI for any length of time would not serve the public interest because it would depreciate the serious nature of the offenses he committed."

After entertaining argument, the Law Division judge concluded that the State had presented no new evidence or arguments and nothing had changed factually, except that there was evidence that defendant was making more progress in his drug rehabilitation program. He concluded that the prosecutor's denial of defendant's participation in the program amounted to an abuse of discretion and ordered defendant's admission into the program on certain conditions. The judge requested the prosecutor to prepare the order.

No order was prepared in compliance with the judge's directive. Instead, on January 13, 1994, the State filed a motion for "reconsideration" of the judge's decision. Defendant opposed the motion on the ground that it was untimely under *R.* 1:7-4. Defendant also contended that the motion was improper because the State's arguments were essentially a re-hash of its prior, unsuccessful arguments.

The Law Division judge held that, although the motion was not filed within time, *R.* 1:1-2 permitted him to relax the ten day time period. He then reversed his prior decision. In essence, he held that his November 16, 1993 decision was based upon "fundamental

fairness," whereas the true test was whether the prosecutor abused his discretion in rejecting defendant's application. He said that he was satisfied, after reviewing the same documents again, that no such abuse of discretion was shown.

The Law Division judge was incorrect in stating that he could relax the ten day limitation set forth in *R.* 1:7–4. *R.* 1:3–4(c) specifically prohibits the parties and the court from enlarging the time specified by *R.* 1:7–4. However, the error is of no moment for two reasons. First, the ten day period provided in the rule does not begin to run until there is "service of the final order or judgment upon all parties by the party obtaining it. . . ." *R.* 1:7–4. No final order or judgment was submitted to the judge for execution. Thus, the ten day period did not begin to run. Secondly, and more importantly, *R.* 1:7–4 simply did not apply to the State's motion. In criminal matters, *R.* 1:7–4 applies only where the application is to have the judge "find the facts specially" after the judge has made a general finding on the issues before the court. The State did not complain in this case that the Law Division judge failed to make findings of fact to support his November 16, 1993 decision.

Motions for reconsideration are specifically recognized only in the rules that govern civil practice in the Superior Court, Tax Court and Surrogate's Courts. *R.* 4:49–2. There is no corollary rule applicable to practice in the criminal courts. In any event, the purpose of *R.* 4:49–2 is not to re-argue the motion that has already been heard for the purpose of taking the proverbial second bite of the apple. Rather, its purpose is to allow the losing party to make "a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred." *R.* 4:49–2. Assuming the rule is applicable to criminal practice, the State's motion here was not made for the purpose stated in the rule. Rather, the State, for the most part, simply restated the arguments made at length on November 16, 1993.

In our view, the Law Division judge should not have entertained the State's motion, inasmuch as there was no authority for him to do so. However, we choose not to decide this case on procedural grounds. Rather, we hold that the State's conduct in this matter exhibits a patent abuse of discretion.

In our view, the State's significant shift in position relative to defendant's drug dependency from the first hearing on the motion, through the remand hearing, to the reargument on the motion, evidences its patent abuse of discretion. As noted in our first opinion on this matter, defendant presented credible and forceful evidence of his long standing substance abuse problems, their relationship to his criminal activity, and his significant rehabilitation efforts in that regard. In the first hearing on defendant's PTI application, the State advised the Law Division judge that it did not choose to have an independent expert evaluate defendant's condition. The State's position was that defendant had a "long-term drug problem," and it feared that the drug program in which defendant was enrolled was not restrictive enough to prevent defendant from access to drugs. Further, in view of that belief, the State argued that defendant was "a poor risk" because he was "not amenable to treatment." Then, on remand from this court, instead of focusing on the thirty-six month supervision factor as a component of defendant's drug rehabilitation as we instructed, the State chose a different tack. While maintaining that a three year supervision period would not be sufficient supervision for an individual who has such a lengthy history of substance abuse, the State argued inconsistently that "his substance abuse problem is suspect," contending that could be the explanation for why defendant was doing so well in the drug rehabilitation program.

The State's argument is disingenuous at best and clearly unsupported by the record. Rather, it is quite clear that defendant, who had just turned eighteen shortly before the criminal events in which he was involved, has had a long term substance abuse problem. His criminal conduct, though serious, occurred within a three week period and was related to his substance abuse depen-

dency. His participation and progress in the drug rehabilitation program exhibit defendant's acknowledgement of his problem and remorse for his conduct. There is absolutely no evidence that this defendant poses a risk to the public. The victims of his burglaries were his neighbors, all of whom he knew. There is no evidence that they have expressed any fear of recurring criminal activity on defendant's part. The State's mischaracterization of the record and unfounded skepticism concerning defendant's rehabilitation efforts amount to a clear error of judgment. *State v. Mickens,* 236 *N.J.Super.* 272, 565 *A.*2d 720 (1989).

The judgment under review is reversed. The matter is remanded for the entry of an appropriate order permitting defendant's continued participation in the PTI program.