RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1875-16T2

J.C.,

 Plaintiff-Appellant,

v.

R.W.E.,

 Defendant-Respondent.
__________________________

 Submitted May 31, 2017 — Decided June 29, 2017

 Before Judges Koblitz and Rothstadt.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Monmouth
 County, Docket No. FV-13-1586-13.

 Weinberger Law Group, L.L.C., attorneys for
 appellant (Jessica Ragno Spraque, on the
 briefs).

 John C. Feggeler, Jr., attorney for
 respondent.

PER CURIAM
 Plaintiff J.C. (Judy)1 appeals from the January 6, 20172 order

denying her motion for reconsideration of an October 2016 order

allowing R.W.E. (Randy) two hours of supervised parenting time per

week with the parties' now five-year-old daughter. No visits

occurred between the October and January orders. The January

order directed supervision on the first six occasions by the

"Monmouth County Superior Court Probation Division supervised

parenting time program at Monmouth Medical Center."3 If the

program did not provide the court with any report of "negative

concerns," the two-hour sessions would continue supervised by

Randy's mother and stepfather. We affirm based substantially on

the reasons expressed by Judge Angela White Dalton in her sixteen-

page written statement of reasons attached to the order denying

reconsideration.4

 On June 7, 2013, after a two-year dating relationship and the

birth of their daughter, a Final Restraining Order under the

Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35, was

1
 We use initials and pseudonyms for the parties because of the
underlying domestic violence litigation. R. 1:38-3(d)(13).
2
 The actual order provided was prepared on January 9 to correct
the January 6 order.
3
 The trial court ordered that an initial meeting with Randy's
mother and stepfather in attendance take place at a local mall.
4
 We accelerated this appeal by order of February 2, 2017.
 2 A-1875-16T2
entered against Randy based on his admission to Judy's sole

allegation of harassment, involving threatening comments. Randy

was provided five hours a week parenting time supervised by his

stepfather. During the next several years, Judy had concerns

about physical abuse of the child during Randy's parenting time.

Judy brought the child for medical treatment twice for perceived

non-responsiveness after a visit with Randy.

 Different judges were involved in the litigation that ensued.

In August 2014, a psychological evaluation of the parents was

ordered. The judge directed that upon receipt of the report,

either party could request a plenary hearing. Instead, in May

2015 a consent order was entered granting Randy nine hours per

week of therapeutic parenting time, supervised by the Healing

Hearts program. At the end of April 2016, that program closed and

was unable to continue to provide those services. The program

furnished detailed reports to the court concluding: "Overall,

interactions between [Randy] and [the child] are appropriate and

appear natural." Additionally, the judge's opinion relates that

plaintiff was diagnosed as "hyper-vigilant" concerning the child.5

 After the close of the Healing Hearts program, Randy filed a

motion seeking continued and increased parenting time. Upon the

5
 Neither party has provided us with the court-appointed
psychologist's report.
 3 A-1875-16T2
request for reconsideration of the order granting supervised

visitation with Randy's parents as supervisors, Judge Dalton

reviewed the Healing Hearts parenting time reports and the

psychologist's report provided in response to a prior court order.

She noted that her aim was for the child to have a "meaningful

relationship with both parents."

 We review the denial of a motion for reconsideration pursuant

to Rule 4:49-2 for abuse of discretion. Cummings v. Bahr, 295

N.J. Super. 374, 389 (App. Div. 1996). Reconsideration is

appropriate only in those cases "in which either 1) the [c]ourt

has expressed its decision based upon a palpably incorrect or

irrational basis, or 2) it is obvious that the [c]ourt either did

not consider, or failed to appreciate the significance of

probative, competent evidence." Granata v. Broderick, 446 N.J.

Super. 449, 468 (App. Div. 2016) (quoting Fusco v. Bd. of Educ.,

349 N.J. Super. 455, 462 (App. Div.), certif. denied, 174 N.J. 544

(2002)), certif. granted, ___ N.J. ___ (2017). The proper object

of such a motion is to correct a court's error or oversight, and

"not to re-argue [a] motion that has already been heard for the

purpose of taking the proverbial second bite of the apple." State

v. Fitzsimmons, 286 N.J. Super. 141, 147 (App. Div. 1995), remanded

on other grounds, 143 N.J. 482 (1996).

 4 A-1875-16T2
 Additionally, we customarily do not second-guess the factual

findings of judges, particularly judges in the Family Part, given

the Family Part's expertise in matters that involve domestic

relations and the welfare of children. Cesare v. Cesare, 154 N.J.

394, 411-12 (1998). Ordinarily, a plenary hearing is appropriate

before the entry of an order affecting the custody of a child.

See, e.g., Entress v. Entress, 376 N.J. Super. 125, 133 (App. Div.

2005). Where a prior court order exists specifying the terms of

residential custody and parenting time, as is the case here, a

parent seeking to alter those terms has the burden of demonstrating

a material change in circumstances that would justify such

alteration. Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div.

2007); Borys v. Borys, 76 N.J. 103, 115-16 (1978). "A plenary

hearing is required [only] when the submissions show there is a

genuine and substantial factual dispute regarding the welfare of

the children." Hand, supra, 391 N.J. Super. at 105. Absent such

a factual dispute, a plenary hearing is not required. Id. at 105-

06; see also R. 5:8-6 (requiring plenary hearings in custody

matters only where the contested issues are "genuine and

substantial"); cf. Barblock v. Barblock, 383 N.J. Super. 114, 124

(App. Div.) (no plenary hearing was required to authorize mother's

relocation of her children out of state, over the father's

 5 A-1875-16T2
objection, where no material factual disputes were demonstrated),

certif. denied, 187 N.J. 81 (2006).

 Judy was insistent that a plenary hearing was necessary prior

to resuming Randy's supervised parenting time with his parents.

We are satisfied that Judge Dalton had sufficient reports from

neutral sources to support her decision and reviewed at length the

findings of the prior judges involved with this family. We affirm

substantially for the reasons set forth in her thorough opinion.

 Affirmed.

 6 A-1875-16T2