**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3969-16T1

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

NEAL POMPER,

    Defendant-Respondent.

_____

Argued May 16, 2018 — Decided June 5, 2018

Before Judges Alvarez, Nugent and Currier.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Indictment No.
15-11-1323.

David M. Liston, Assistant Prosecutor, argued
the cause for appellant (Andrew C. Carey,
Middlesex County Prosecutor, attorney; David
M. Liston, of counsel and on the brief).

Neal Pomper, respondent, argued the cause pro
se.

PER CURIAM

    Charged with third-degree insurance fraud and related offenses, defendant, Neal Pomper, an attorney, was denied Pretrial Intervention (PTI) by a prosecutor, a decision affirmed by a Law Division judge. After the case was scheduled for trial, another

judge granted defendant PTI and directed the prosecutor to consummate a plea offer on the prosecutor's proffered terms, with one exception: the removal of the requirement that defendant consent to disbarment. The State appeals. Because the second judge did not have the authority to reconsider the first judge's PTI decision or interfere in plea negotiations, we vacate the implementing orders and remand this case for trial.

## I.

Defendant is married and has seven children, one of whom, a minor, lived with defendant and his wife when defendant applied for PTI. Defendant has heart problems for which he takes medication and eye problems that pose a risk to his vision. He has no prior criminal history.

The State alleges the following facts. In 2011, a contractor repaired certain flood damage to defendant's home. Defendant had a legal assistant he employed prepare a false contractor's invoice and send it to his homeowner's insurance company for payment. Following an investigation, authorities charged defendant in a May 2015 complaint-warrant with two third-degree crimes, namely, insurance fraud and attempted theft by deception, and one fourth-degree crime, forgery.

Defendant applied for PTI. The criminal division manager recommended his enrollment. A month later, after a Middlesex

A-3969-16T1

County grand jury indicted defendant for insurance fraud, attempted theft by deception, forgery, and uttering a forged instrument, an assistant prosecutor rejected defendant's PTI application. The assistant prosecutor explained her decision in a detailed letter that included her analysis of the statutory criteria for PTI. Defendant's disbarment was not a consideration.

Two months later, the assistant prosecutor responded to defendant's request for reconsideration based on medical evidence documenting his heart and eye conditions, as well as statements given to investigators by the employee who had prepared the forged invoice. The assistant prosecutor again rejected defendant's PTI application.

Thereafter, a grand jury charged defendant and his employee in a superseding indictment with the third-degree crimes of conspiracy, N.J.S.A. 2C:5-2, insurance fraud, N.J.S.A. 2C:21-4.6(a) & (b), and attempted theft by deception, N.J.S.A. 2C:5-1 and 2C:20-4; and the fourth-degree crimes of uttering a forged instrument, N.J.S.A. 2C:21-1(a)(3), and forgery, N.J.S.A. 2C:21-1(a)(2). The grand jury also charged defendant's employee with false swearing, N.J.S.A. 2C:28-2(a).

Following the superseding indictment, defendant appealed the prosecutor's rejection of his PTI application. While the appeal was pending before a Law Division judge, the parties engaged in

plea negotiations. The State initially offered a plea with a probationary sentence. Defendant counter-proposed he conditionally plead guilty to an offense and resign permanently from the practice of law in exchange for the State's consent to PTI. In response, the State offered to consent to PTI for thirty-six months if defendant agreed to four conditions: conditionally plead guilty to two counts of the indictment; consent to disbarment in a form approved by the Office of Attorney Ethics or the Supreme Court; consent to never again hold public office; and agree that upon violation of any PTI condition, he serve ninety days in county jail. This was the State's final offer. Defendant agreed to all terms except disbarment. Plea negotiations stalled on that issue, and defense counsel informed the judge she should decide defendant's PTI appeal.

The Law Division judge (the first judge) upheld the prosecutor's decision. After analyzing the prosecutor's consideration of the statutory criteria for PTI, the first judge determined defendant had "not established by clear and convincing evidence that the State's decision to reject his PTI application was either a patent and gross abuse of discretion or arbitrary and irrational nor has [d]efendant presented compelling reasons for [his] entry into PTI." Defendant's disbarment played no part in

the decision.  Defendant filed a motion for reconsideration, which the first judge denied.

Defendant next filed a motion for a non-jury trial and to have the first judge recuse herself.  The first judge granted both applications.  Citing State v. Kern, 325 N.J. Super. 435, 444-45 (App. Div. 1999), she noted a judge who has denied a defendant's appeal from rejection of a PTI application should not preside over the defendant's bench trial.  The case was reassigned.

The judge who received the case (the second judge) conducted a pre-trial conference at which he scheduled the case for trial. After doing so, he asked if the parties could resolve the matter. During the ensuing discussions, the second judge learned the State's final plea offer included consenting to PTI on conditions, including disbarment, which was the only condition defendant would not accept.

The second judge criticized the prosecutor's insistence on disbarment, particularly because defendant's offense was unrelated to his practice of law.  The judge believed the prosecutor had no authority to force defendant's disbarment.  Nonetheless, the prosecutor did not make a new plea offer.  The parties confirmed the trial date and the pre-trial conference ended.

Following the pre-trial conference, and before the trial date, defendant filed a motion for reconsideration before the

second judge seeking enrollment in PTI. The second judge granted the motion. At the conclusion of oral argument he stated: "I'm putting him in PTI. I find that the [prosecutor's] office relied on a factor that they're not entitled to rely upon. And so, he would be admitted to PTI subject to all the other conditions, which includes a conditional plea."

The judge refused to permit the State to withdraw its plea offer. Rather, the judge directed the assistant prosecutor to prepare the plea papers and take the conditional plea on the State's terms, except defendant's consent to disbarment. The judge said PTI would be "[thirty-six]" and he would stay his decision pending the State's anticipated appeal.

The second judge entered an "amended" order "that the Motion for Reconsideration to admit [d]efendant into PTI is hereby Granted."[1] Later, the judge entered a second order "that defendant . . . [s]hall be enrolled in PTI without the condition that he voluntarily agree to relinquish his law license."

The second judge amplified his decision in a written opinion. After summarizing the action's procedural history and factual background, he reviewed the procedural and substantive criteria concerning PTI and case law circumscribing a prosecutor's

---

[1] The appellate record does not include a prior order.

discretion to approve or disapprove a defendant's admission into the program. The judge questioned the prosecutor's jurisdiction over regulation of the Bar. He concluded the prosecutor could not require defendant's consent to disbarment as a condition of PTI, because defendant's offense was unrelated to the practice of law. He noted, however, the prosecutor could vindicate its concern over defendant practicing law by referring the matter to the Office of Attorney Ethics. After determining the prosecutor's conditioning PTI on disbarment was a patent and gross abuse of discretion, the second judge compelled defendant's admission into PTI without the condition that he relinquish his law license.

In his written opinion, the second judge discussed neither the content of the prosecutor's initial letters rejecting defendant's PTI request nor the content of the first judge's decisions. As we have noted, defendant's disbarment was not a consideration in those decisions.

## II.

The State appeals from the second judge's implementing order and presents the following arguments:

> [THE SECOND JUDGE] ABUSED THE COURT'S DISCRETION BY REVERSING [THE FIRST JUDGE'S] DECISION AND ORDERING DEFENDANT INTO PRETRIAL INTERVENTION (PTI) OVER THE STATE'S OBJECTION BECAUSE IT WAS NOT SHOWN CLEARLY AND CONVINCINGLY THAT THE PROSECUTOR'S DECISION WAS A PATENT AND GROSS ABUSE OF DISCRETION.

A. [The Second Judge] Abused the Court's Discretion by Disregarding the "Law of the Case" Doctrine Without Explanation and Reversing a Co-Equal Court's Decision on the Same Issue.

B. The Order Compelling Defendant's PTI Admission Should Be Reversed Because It Was Not Shown Clearly and Convincingly That the Prosecutor's Refusal to Consent Was a Patent and Gross Abuse of Discretion.

In response, defendant argues the second judge properly admitted him into PTI, because the prosecutor's unilateral attempt to have him disbarred was a patent and gross abuse of discretion. Defendant contends the law-of-the-case doctrine did not bar the second judge's reconsideration of the first judge's decision. Defendant also argues the State grossly and capriciously denied him admission into PTI.

III.

A.

We first address the second judge's reconsideration of the first judge's decision affirming the prosecutor's rejection of PTI. The second judge had no statutory or other authority to reconsider the first judge's decision. Even if he had the authority, he misapplied the standard of review for a trial judge's reconsideration of previous orders.

8                                                      A-3969-16T1

The criteria for admission into PTI, as well as the procedures concerning the program, are set forth in N.J.S.A. 2C:43-12 to -22 and Rule 3:28. If a defendant chooses to challenge a prosecutor's non-consent to PTI, the challenge "shall be made on motion to the Presiding Judge of the Criminal Division or to the judge to whom the case has been assigned within ten days after the rejection." R. 3:28(h). "[T]here shall be no pretrial review by an appellate court if the rejection is upheld by the designated judge or the Assignment Judge." R. 3:28(f). A defendant may seek appellate review of the denial of his admission into PTI "on appeal from a judgment of conviction." R. 3:28(g).

Neither the statutory PTI provisions nor Rule 3:28 authorize a trial judge to review another judge's PTI decision. We have previously explained:

> [N]othing in the Act or the rules provide that a judge's decision of a PTI appeal can be appealed to or reversed by another Criminal Part judge. Rather, Rule 3:28(g) provides that a Criminal Part judge's denial of a PTI appeal is challengeable by appeal to this court after a judgment of conviction. Further, nothing suggests that a PTI appeal decided by one judge can be decided anew by a second judge. Such duplicative and, in this case, conflicting rulings by different Criminal Part judges are not contemplated by the Act or the rules.
> [State v. Waters, 439 N.J. Super. 215, 223-24 (App. Div. 2015).]

A-3969-16T1

In fact, nothing in the Rules of Criminal Procedure authorize a party to ask for reconsideration of a judge's initial PTI decision, though a comment on the civil practice rule authorizing reconsideration states:

> While the rule does not expressly apply to criminal actions, in view of the absence of a corollary criminal practice rule, the philosophy of the rule was nevertheless applied to a prosecutor's motion for reconsideration of a trial court order admitting a defendant to a pretrial intervention program over prosecutorial objection. See State v. Fitzsimmons, 286 N.J. Super. 141 (App. Div. 1995), remanded 143 N.J. 482 (1996).
>
> [Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 4:49-2 (2018).]

Assuming the applicability of either the civil rule or its philosophy to criminal matters, the purpose of reconsideration is not to permit a party "to re-argue the motion that has already been heard for the purpose of taking the proverbial second bite of the apple." Fitzsimmons, 286 N.J. Super. at 147 (quoting Rule 4:49-2). Instead, "its purpose is to allow the losing party to make 'a statement of the matters or controlling decisions which counsel believes the court has overlooked or to which it has erred.'" Ibid. (quoting Rule 4:49-2). For these reasons, a court should grant a motion for reconsideration only "for those cases which fall into that narrow corridor in which either (1) the Court

has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence." Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div.) (2002) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

The first judge committed neither of these errors, but the second judge did not reconsider the first judge's decision under this standard. Rather, the second judge arbitrarily analyzed the State's plea offer as if it were a prosecutor's response to defendant's application for PTI, which it was not. A defendant must apply for PTI "at the earliest possible opportunity, including before indictment, but in any event no later than twenty-eight days after indictment." R. 3:28(h). Defendant did so — twice — long before the second judge became involved in the case. Each time, the prosecutor timely responded.

We find nothing improper or inappropriate about a prosecutor offering PTI as one of several terms of a plea offer after the prosecutor has exercised the discretion to reject a defendant's PTI application, provided the plea offer does not otherwise include an unlawful condition. Such a decision falls well within a prosecutor's "broad discretion in selecting matters for

11

prosecution."  In re Investigation Ringwood Fact Finding Comm.,
65 N.J. 512, 516 (1974).

Even if defendant appropriately filed his second motion for
reconsideration — and we do not suggest he did — the second judge
should have referred it to the first judge, whose decision was
targeted.  This referral should have been made as a matter of
common sense to avoid inconsistent results.  See O'Brien v.
O'Brien, 259 N.J. Super. 402, 405-07 (App. Div. 1992).

Defendant stated at oral argument the first judge had recused
herself, implying the first judge was unavailable to hear yet
another motion for reconsideration.  That was not the case.  The
first judge recused herself from presiding over defendant's bench
trial.  She based her decision on a prior Appellate Division
ruling, which in turn based its decision on Rule 3:28(c).  Kern,
325 N.J. Super. at 444-45.

When the court decided Kern, Rule 3:28(c) applied to
defendants who had been admitted to PTI and then returned "to the
ordinary course of prosecution."[2]  Kern, 325 N.J. Super. at 445.
Rule 3:28(c)(4) precluded the admissibility against a defendant
in subsequent proceedings of, among other documentary evidence,
program records, investigative reports, and statements made by the

---

[2]  Rule 3:28(c)(4) was amended June 15, 2007 to be effective
September 1, 2007.

A-3969-16T1

defendant to program staff. The rule formerly included a provision that "[n]o such hearing with respect to such defendant shall be conducted by the designated judge who issued the order returning the defendant to prosecution in the ordinary course." Kern, 325 N.J. Super. at 444 (quoting R. 3:28(c)(4) (1999)).

In Kern, the Appellate Division held "the spirit and policy of the rule certainly support our determination that a judge who denies an applicant's appeal from PTI rejection not also sit on the ensuing bench trial for the criminal charges." Id. at 445. Nothing in the former rule or Kern precludes a judge from hearing a motion for reconsideration of her previous PTI decision. For those reasons, the second judge should have dismissed the motion or referred it to the first judge.

### B.

The second judge compounded his error when he refused to permit the State to withdraw its plea offer and directed the State to consummate the plea under the terms it had proposed, with the exception of defendant's disbarment. He had no authority to participate in plea negotiations, and he certainly had no authority to insist the State accept a plea on his modified terms.

Prosecutors and defense attorneys "may engage in discussions relating to pleas and sentences." R. 3:9-3(a). The court, "[o]n request of the prosecutor and defense counsel, . . . may permit

the disclosure to it of the tentative agreement and the reasons therefore . . . or, if no tentative agreement has been reached, the status of the negotiations toward a plea agreement." R. 3:9-3(c) (emphasis added). The court may indicate whether it will "concur in the tentative agreement or, if no tentative agreement has been reached and with the consent of both counsel, the maximum sentence it would impose in the event the defendant enters a plea of guilty," assuming the information in the presentence report "supports its determination that the interest of justice would be served thereby." R. 3:9-3(c).

"What the trial court clearly may not do, however, is participate in plea negotiations." State v. Williams, 277 N.J. Super. 40, 47 (App. Div. 1994) (citation omitted); accord, R. 3:9-3(a) & (c). The Williams court explained, "[b]ecause a judge may not participate in plea negotiations, a judge may not tender a plea offer, especially over the objection of the prosecutor." 277 N.J. Super. at 48 (citing Com v. Gordon, 574 N.E. 2d 974, 975-76 (1991)). The court also noted, "[v]arious courts have observed that such action improperly assumes the executive or prosecutorial power and, therefore, violates the doctrine of separation of powers." Ibid.

Here, the second judge not only interfered in plea negotiations, he directed the prosecutor to consummate the plea

14                                                      A-3969-16T1

by preparing the appropriate documents. In doing so, the second judge improperly assumed the executive or prosecutorial power. For this reason, his orders must be vacated.

To be sure, the second judge had valid concerns about the State including disbarment as part of a plea agreement. A prosecutor is not necessarily precluded from negotiating as part of a plea a result that cannot be obtained under statutory or other authority. See State v. Hupka, 203 N.J. 222, 242 (2010) (explaining under the forfeiture of public office statute, N.J.S.A. 2C:51-2, "when a defendant is charged with a crime that might be regarded as involving or touching his or her public position, the State should, likewise, require an allocution that either establishes the connection between the crime and the position to enable the court to sustain a subsequent forfeiture and disqualification order, or, alternatively, should negotiate a voluntary disqualification from a future position" (emphasis added)). Such authority notwithstanding, "[t]he State Constitution declares '[t]he Supreme Court shall have jurisdiction over the admission to the practice of law and the discipline of persons admitted.'" Robertelli v. N.J. Office of Atty. Ethics, 224 N.J. 470, 476 (2016) (second alteration in original) (quoting N.J. Const., art. VI, § 2, ¶ 3).

We need not, however, address whether the State, as part of a plea agreement, can insist on an attorney's disbarment, because no such plea agreement was presented to the second judge. If it had been, and if the judge deemed it contrary to the interests of justice, the judge had the authority to disapprove it. State v. Brimmage, 271 N.J. Super. 369, 374 (App. Div. 1994). He did not have the authority to impose a modified plea agreement.

For the foregoing reasons, we vacate the orders granting reconsideration and enrolling defendant in PTI. We remand the matter for trial.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION