**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2543-17T2

DINA MUSTAFA,

    Plaintiff-Respondent,

v.

MUSTAFA MUHSIN,

    Defendant-Appellant.

_____

> Argued March 6, 2019 – Decided May 7, 2019
>
> Before Judges Koblitz, Currier and Mayer.
>
> On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-1711-15.
>
> Jonathan S. Lasser argued the cause for appellant (Dario Albert Metz & Eyerman LLC, attorneys; Shelley D. Albert, on the brief).
>
> Seth R. Parker argued the cause for respondent (Moskowitz Law Group, LLC, attorneys; Seth R. Parker, on the brief).

PER CURIAM

Defendant Mustafa Muhsin appeals from a January 19, 2018 order denying reconsideration of a November 16, 2017 order awarding plaintiff Dina Mustafa $8767.44 in attorney fees and costs in connection with post-judgment divorce litigation. After reviewing the record in light of the contentions advanced on appeal, we affirm substantially for the reasons placed on the record by the judge in her comprehensive opinion.

The parties were married in Iraq in 1984, had three children and divorced in March 2016. Plaintiff lives in Abu Dhabi, while defendant and the three children live in New Jersey. Prior to the divorce judgment, plaintiff entered a guilty plea to fourth-degree contempt, N.J.S.A. 2C: 29-9(a), for not returning her daughter to defendant after being ordered to do so.[1]

Defendant retained counsel after the November 16, 2017 award of counsel fees. His lawyer represented him in his motion for reconsideration. The judge reaffirmed her prior findings when denying reconsideration. We review an award of attorney's fees for a "clear abuse of discretion," and disturb an award "only on the rarest of occasions." Heyert v. Taddese, 431 N.J. Super. 388, 444 (App. Div. 2013).

---

[1] We note that plaintiff was previously ordered in 2015 to pay more than $53,000 in counsel fees, which she is paying defendant's counsel at the rate of $100 per week pursuant to the parties' divorce agreement.

Under Rule 4:49-2, a litigant may move for "rehearing or reconsideration" of an order or judgment within twenty days of its entry. Such a motion must include "a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred . . . ." Ibid. The proper object of such a motion is to correct a court's error or oversight, and not to "re-argue [a] motion that has already been heard for the purpose of taking the proverbial second bite of the apple." State v. Fitzsimmons, 286 N.J. Super. 141, 147 (App. Div. 1995).

The trial court properly was not swayed by belated submissions from defendant on his motion for reconsideration, after retaining counsel. See R. 4:49-2; see also Cummings v. Bahr, 295 N.J. Super. 374, 384-85 (App. Div. 1996).

The judge stated on the record that she reviewed all the submissions previously submitted and those submitted on reconsideration. Defendant complains that he did not receive notice prior to the November 16, 2017 counsel fee decision. As the judge pointed out, that date was not an opportunity for further argument. Neither party appeared before the court on November 16, 2017.

A-2543-17T2

Rule 5:3-5(c) and Rule 4:42-9 govern attorney fee awards in Family matters. In Mani v. Mani, 183 N.J. 70, 94-95 (2005), the Supreme Court summarized the attorney fee inquiry as follows:

> [I]n awarding counsel fees, the court must consider whether the party requesting the fees is in financial need; whether the party against whom the fees are sought has the ability to pay; the good or bad faith of either party in pursuing or defending the action; the nature and extent of the services rendered; and the reasonableness of the fees.
>
> [Ibid.]

The judge considered the Mani factors.

In concluding defendant had litigated in bad faith, the judge found he involved the children in the financial disputes between the parties and also distanced the children from their mother by denying plaintiff parenting time. The judge appointed a mediator and a parenting time supervisor to facilitate contact between plaintiff and the children. She found that, after defendant sought an increase in child support, although given numerous opportunities to provide current income information, he failed to do so. See R. 5:5-4(a) (requiring a party to provide current financial information when making a motion for modification). He also sought reimbursement of expenses when none were owing.

4

The judge reviewed the credentials of plaintiff's counsel, and the reasonableness of both her hourly rate and the number of hours expended. The judge's decision to deny reconsideration is not a clear abuse of discretion and is supported by the record. We affirm substantially for the reasons expressed on the record at the denial of reconsideration.

If defendant seeks relief, the court should consider a motion to deduct his counsel fees from the outstanding fees plaintiff owes defense counsel. We express no opinion as to the result of such an application.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2543-17T2