**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5204-17T1

JEANNE A. STEIN,

     Plaintiff-Respondent,

v.

RICHARD W. STEIN,

     Defendant-Appellant.

_____

Submitted November 20, 2019 – Decided December 6, 2019

Before Judges Haas and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FM-16-0515-15.

Ziegler, Zemsky & Resnick, attorneys for appellant (Steven Resnick and Elizabeth Danforth Burke, on the brief).

Snyder Sarno D'Aniello Maceri & Da Costa, attorneys for respondent (Stacey A. Cozewith, of counsel and on the brief; Michelle A. Wortmann, on the brief).

PER CURIAM

Defendant appeals from a May 30, 2018 order denying his motion for reconsideration of two prior court orders dated October 6, 2017 and November 17, 2017. We affirm.

This appeal stems from the parties' divorce and marital settlement agreement (MSA) dated March 17, 2016. The parties acknowledged that the MSA was "fair and reasonable" and resolved all issues concerning dissolution of their marriage. There are three provisions in the MSA relevant to this appeal. First, the MSA required defendant to roll-over $100,000 from his retirement account to plaintiff's retirement account. Second, the MSA required the parties to attend mediation before filing motions. Third, the prevailing party in an action to enforce the MSA was entitled to payment of legal expenses.

Defendant attempted to roll-over the $100,000 in retirement funds to plaintiff by way of a qualified domestic relations order (QDRO). However, the retirement fund company denied the request because the wording of the QDRO was deficient. Defendant claimed he remedied the issue but plaintiff never received the $100,000 sum.

In or around October 2016, just a few months after the parties executed the MSA, defendant believed his retirement account was a pre-marital asset and therefore not subject to equitable distribution. He declined to roll-over the

A-5204-17T1

retirement funds and retained an attorney. Through his attorney, defendant demanded mediation of the "inequities" in the MSA, including equitable distribution of his retirement funds.

The parties attempted, without success, to resolve the retirement fund issue in an April 2017 mediation. Plaintiff was left with no alternative but to file a motion to enforce her rights regarding the $100,000 retirement fund in accordance with the MSA. Defendant filed a cross-motion to vacate the provision in the MSA directing him to roll-over the retirement money, demanded a plenary hearing, and requested a reduction of his alimony and child support obligations.

In an October 6, 2017 order, the judge found the parties expressly agreed the MSA was "fair and reasonable" at the time the agreement was signed. The judge concluded there was no evidence presented to justify setting aside the MSA, and granted plaintiff's motion to recover $100,000. In the November 17, 2017 order, the judge awarded interest on the $100,000 retirement sum. The judge reserved decision on plaintiff's request for attorney's fees.

In denying defendant's cross-motion, the judge noted defendant omitted complete information regarding his new job. Therefore, she was unable to determine defendant's income. The judge also concluded the issue was not ripe

for adjudication because defendant failed to pursue mediation before filing his application as required under the MSA.

In the October 6, 2017 order, defendant was compelled to roll-over $100,000, plus interest, into plaintiff's retirement account and pay plaintiff's attorney's fees. The judge reasoned plaintiff was entitled to attorney's fees pursuant to the MSA, regardless of defendant's intentions, because he failed to roll-over $100,000. The judge explained she was required to enforce the MSA as signed by the parties, and the MSA clearly provided that in the event of a default by one party, "the prevailing party on a motion to enforce the agreement would be entitled to attorneys' fees . . . ."

Defendant filed a motion for reconsideration, which the judge denied "for the same reasons that were . . . expressed on the record on August 15, 2017." The judge stated defendant failed to show any facts she overlooked or law she misapplied. The judge found defendant's motion "disturbing," noting defendant only wanted to vacate one section of the MSA and refused to comply with the October 6, 2017 order. She also found there were no genuine issues of material fact and therefore a plenary hearing was not required

On appeal, defendant argues the family court judge erred in denying his motion for reconsideration because the judge overlooked evidence. He further

contends the judge failed to provide adequate reasons for awarding attorney's fees to plaintiff. In addition, defendant claims the judge erred in finding he breached the terms of the MSA. In the event of a remand, defendant contends the matter should be heard by a different judge.

Reconsideration is a matter within the sound discretion of the trial court, which we review for abuse of discretion. See Palombi v. Palombi, 414 N.J. Super. 274, 288-89 (App. Div. 2010). Reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion." In re Estate of Brown, 448 N.J. Super. 252, 268 (App. Div. 2017) (quoting Palombi, 414 N.J. Super. at 288).

Reconsideration is applicable only when "the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or . . . it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid. (first and third alterations in original) (quoting Palombi, 414 N.J. Super. at 288). Rule 4:49-2 requires a motion for reconsideration to include "a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred . . . ." The object of such a motion is to correct a court's error or oversight, not to "re-argue [a] motion that has already been heard for the purpose of taking the

proverbial second bite of the apple." State v. Fitzsimmons, 286 N.J. Super. 141, 147 (App. Div. 1995).

We will uphold a settlement agreement between spouses in a matrimonial action that is "voluntary, fair and equitable." Brawer v. Brawer, 329 N.J. Super. 273, 284 (App. Div. 2000). "[T]he enforceability of [a marital] settlement agreement is subject to the same standards as that in any other case." Ibid.

"A settlement agreement between parties to a lawsuit is a contract." Nolan v. Lee Ho, 120 N.J. 465, 472 (1990). "Interpretation and construction of a contract is a matter of law for the court subject to de novo review." Fastenberg v. Prudential Ins. Co. of Am., 309 N.J. Super. 415, 420 (App. Div. 1998). "Accordingly, we pay no special deference to the trial court's interpretation and look at the contract with fresh eyes." Kieffer v. Best Buy, 205 N.J. 213, 223 (2011). However, "[b]ecause of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference" to the factual findings of the family court judge. Cesare v. Cesare, 154 N.J. 394, 413 (1998).

An MSA may be set aside "when it is the product of fraud or overreaching by a party with power to take advantage of a confidential relationship." Guglielmo v. Guglielmo, 253 N.J. Super. 531, 541 (App. Div. 1992) (quoting

Dworkin v. Dworkin, 217 N.J. Super. 518, 523 (App. Div. 1987)). New Jersey has a "'strong public policy favoring stability of arrangements' in matrimonial matters." Quinn v. Quinn, 225 N.J. 34, 44 (2016) (quoting Konzelman v. Konzelman, 158 N.J. 185, 193 (1999)). Absent compelling reasons to depart from clear, unambiguous, and mutually understood terms of a marital settlement agreement, a court is generally bound to enforce them. Id. at 45.

We review an award of attorney's fees for a "clear abuse of discretion," and disturb an award "only on the rarest of occasions." Heyert v. Taddese, 431 N.J. Super. 388, 444 (App. Div. 2013). While Rule 5:3-5(c) and Rule 4:42-9 govern attorney fee awards in family matters, the parties here expressly included an attorney fee provision in their MSA. Therefore, the judge was not required to apply the factors embodied in the court rules in awarding attorney's fees. As the judge stated, "Irrespective of [d]efendant's motives or reasons for non-compliance, the MSA contemplates an award of fees based on an omission or failure to 'fulfill' a duty that caused [p]laintiff to file the application."

Nevertheless, the judge considered "the parties' unequal financial positions and the [p]laintiff's financial need to obtain the sum of $100,000, as well as interest income, by way of equitable distribution, to which she was entitled under the MSA" in finding that the "award of counsel fees to [p]laintiff

is proper and equitable." Based on a review of the certification of services supplied by plaintiff's counsel, the judge found the fees and costs incurred by plaintiff "were reasonable" and awarded counsel fees in the amount of $8,808.

We affirm substantially for the reasons expressed by Judge Yolanda Adrianzen. We agree that the language in the MSA was clear and unambiguous. Defendant was required to mediate prior to filing a motion to reduce his alimony and child support obligations and failed to do so. In addition, under the MSA, plaintiff was entitled to $100,000 from defendant's retirement account. Defendant failed to make that payment, triggering his default under the MSA. We further agree there was no genuine issue as to material facts requiring a plenary hearing. See Shaw v. Shaw, 138 N.J. Super. 436, 440 (App. Div. 1976). ("It is only where the affidavits show that there is a genuine issue as to a material fact, and that the trial judge determines that a plenary hearing would be helpful in deciding such factual issues, that a plenary hearing is required.") Defendant's professed understanding of the MSA does not negate the plain and unequivocal language of the MSA.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5204-17T1