IN THE MATTER OF THE APPLICATION OF NICHOLAS DeFALCO, APPELLANT, FOR WRIT OF HABEAS CORPUS.

Argued March 24, 1952—Decided April 7, 1952.

*Mr. Joseph Schoenholz* argued the cause for appellant.

*Mr. Eugene T. Urbaniak*, Deputy Attorney-General, argued the cause for the State (*Mr. Theodore D. Parsons*, Attorney-General of New Jersey, attorney·).

The opinion of the court was delivered by

WACHENFELD, J.   The appellant was convicted under an indictment charging he had engaged in bookmaking "contrary to the provisions of *R. S.* 2 :135–3" and was sentenced to a fine of $1,000 and imprisonment for two to five years. He paid the fine and went to jail.  His conviction was affirmed by the Appellate Division, 8 *N. J. Super.* 295 (1950).   The issue now before us, sought to be raised by *habeas corpus*, is limited to the legality of the punishment inflicted.   We certified on our own motion.

In November, 1951, the appellant made application in the Superior Court for a writ of *habeas corpus* on the ground that *R. S.* 2 :135–3, as amended by *chapter* 205, *Laws of* 1940, provides that a violation of the act shall be punished by "a fine of not less than one thousand dollars nor more than five thousand dollars, or by imprisonment in the · State prison for not less than one year nor more than five years."   It is argued the punishment is in the alternative, either fine or imprisonment, and since he has paid the fine, the prison· sentence .as an additional penalty is not authorized by the statute ; hence he should be released.

The court denied the application, holding the 1940 amendment was unconstitutional in that it diminished the punishment which had previously included both the fine and the imprisonment, thus contravening the constitutional limitation on the Legislature's power to lessen the punishment for certain gambling offenses set forth in both an 1897 amendment to *Article IV, Section VII, paragraph 2, of the Constitution of* 1844 and a further amendment adopted in 1939. The latter permitted *pari-mutuel* betting at specified times "in duly legalized race tracks."   The section pertinent to the issue here raised reads :

"No lottery, roulette, or game of chance of any form shall be authorized by the Legislature in this State, and no ticket in any lottery shall be bought or sold within this State, or offered for sale; nor shall pool-selling, book-making, or gambling of any kind be authorized or allowed within this State, except pari-mutuel betting on the results of the racing of horses only, from which the State shall derive a reasonable revenue for the support of government; nor shall any gambling device, practice, or game of chance, or pari-mutuel betting thereon now prohibited by law, except as herein stated and otherwise provided, be legalized, or the remedy, penalty, or punishment now provided therefor be in any way diminished."

*R. S. 2*:135–3 had its origin in chapter 235 of the Laws of 1898 and was incorporated into the revision of 1937. At that time, and when the amendment set forth above was adopted, it read:

"Any person who shall habitually or otherwise, buy or sell what is commonly known as a pool, or any interest or share in any such pool, or shall make or take what is commonly known as a book, upon the running, pacing or trotting, either within or without this state, of any horse, mare or gelding, or shall conduct the practices commonly known as bookmaking or pool selling, or shall keep a place to which persons may resort for engaging in any such practices, or for betting upon the event of any horse race, or other race or contest, either within or without this state, or for gambling in any form, or any person who shall aid, abet or assist in any such acts, shall be guilty of a misdemeanor, and punished by a fine of not less than one thousand dollars nor more than five thousand dollars, and by imprisonment in the state prison for not less than one year nor more than five years."

The text of the statute was unchanged in the 1940 amendment except for the substitution of the word "or" in place of "and," so that the penalty provision then read: "* * * punished by a fine of not less than one thousand dollars nor more than five thousand dollars, or by imprisonment in the State prison for not less than one year nor more than five years," and a sentence was added exempting from the application of the section *"pari-mutuel* betting at race meetings as authorized by the Constitution of this State and any statute passed in pursuance thereof."

A comparison of the wording of the 1939 constitutional amendment and the 1940 statutory amendment makes it

apparent the latter violated the former in so far as it sought to reduce the penalty for bookmaking, the offense of which the appellant was convicted, and was in this respect unconstitutional at the time it was passed.

It is urged any constitutional defect in this regard, in the 1940 statute, has been corrected by the adoption of the 1947 Constitution, which contains no limitation on the Legislature's power to increase or diminish the penalties for the enumerated offenses.

The argument is without merit. A statute which is unconstitutional at the time of its enactment does not acquire a valid status simply by reason of a subsequent amendment to the basic charter or by the adoption of a new one. In *Washington National Ins. Co. v. Board of Review*, 1 *N. J.* 545 (1949), we said:

"* * * the constitutional validity of legislation in this regard is to be measured by the organic law in force when the legislation was adopted, except to the extent that the later constitution is made retroactive."

There is nothing in the provisions of the 1947 Constitution to give it the retroactive force here contended for.

The 1940 amendment, to the extent it undertook to change or alter the punishment provided for the offense charged in this indictment, was unconstitutional. Since *R. S.* 2:135–3, before the attempted amendment, embraced both fine and imprisonment in the amounts and for the terms therein specified, the sentence imposed by the court in the present case is authorized by the statute.

The judgment below is affirmed.

*For affirmance*—Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—6.

*For reversal*—Chief Justice VANDERBILT—1.