# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5124-18T1

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

AISLING H. SMITH-RENSHAW,

    Defendant-Respondent.

_____

Submitted January 7, 2020 - Decided June 8, 2020

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Complaint No. S-2019-0064-0818.

Christine A. Hoffman, Acting Gloucester County Prosecutor, attorney for appellant (Douglas Benjamin Pagenkopf, Special Deputy Attorney General/Acting Assistant Prosecutor, on the briefs).

Testa Heck Testa & White, PA, attorneys for respondent (Michael L. Testa, Jr. and Anthony Mario Imbesi, on the brief).

PER CURIAM

The State of New Jersey appeals from a July 22, 2019 order admitting defendant Aisling H. Smith-Renshaw into the Pre-Trial Intervention Program (PTI) over the prosecutor's objection. The State contends the trial court erred in finding the prosecutor failed to consider information defendant did not submit with her application to PTI and that the circumstances do not clearly and convincingly establish its refusal to permit defendant's diversion was a patent and gross abuse of the prosecutor's discretion. Having reviewed the record, we agree and conclude the trial judge improperly substituted her judgment for the prosecutor's on whether defendant's offenses constituted a pattern of anti-social behavior, requiring reversal of the order admitting defendant into PTI.

The State acknowledges, however, that the prosecutor was without information to assess statutory criteria five and six, N.J.S.A. 2C:43-12(e)(5) and (6), because defendant only submitted materials supporting those factors to the trial court after the prosecutor had already considered and denied defendant's application to PTI. Because those factors are critical to assessing an applicant's amenability to correction and responsiveness to rehabilitation, N.J.S.A. 2C:43-12(b)(1), and only because the prosecutor has expressed on this appeal a willingness to consider the materials defendant belatedly

A-5124-18T1

submitted in reassessing defendant's application to PTI, we deem a remand to the prosecutor for that purpose appropriate.

Defendant, a school nurse, allegedly used the name and licensing information of a nurse practitioner who treated defendant's family to obtain prescription medication on eight different occasions over the course of more than sixteen months. Defendant also allegedly forged the victim's name to letters defendant wrote to school officials excusing absences and seeking reduced fees and accommodations for her children. Some of those letters, which were allegedly composed on defendant's work computer, were sent to officials in the same district in which she was employed. Defendant was charged in a thirty-four count complaint - summons with four counts of fourth-degree forgery, N.J.S.A. 2C:21(a)(2); eight counts of third-degree forgery, N.J.S.A. 2C:21-1(a)(3); fourth-degree falsifying records, N.J.S.A. 2C:214(a); twelve counts of fourth-degree identity crime — impersonating another in oral or written application for services, N.J.S.A. 2C:21-l7(a)(3); fourth-degree falsifying a record relating to medical care, N.J.S.A. 2C:21-4.1; and eight counts of third-degree obtaining possession of a controlled dangerous substance by fraud, N.J.S.A. 2C:35-l3.

Defendant's application for PTI was rejected by the criminal division manager relying on the police investigation and defendant's interview by a probation officer. In a lengthy letter in which she acknowledged that defendant had no prior criminal record, the criminal division manager concluded the charged offenses constituted a continuing pattern of anti-social behavior, N.J.S.A. 2C:43-12(e)(8), and that defendant was charged with a crime representing a breach of public trust that made admission into the program inappropriate, Rule 3:28-4(b)(1).

The prosecutor agreed with the decision of criminal case management. Addressing each of the seventeen statutory factors, N.J.S.A. 2C:43-12(e), the prosecutor placed the most weight on the State's interest in prosecuting those who falsify medical records for their own gain; that "defendant's criminal acts occurred over several years and were varied between false prescriptions and forged letters," thereby constituting "the very definition of 'continuing pattern of anti-social behavior;'" and that public prosecution of defendant, a school nurse, was necessary in order to avoid deprecating the seriousness of her crimes committed against the medical community. Summing up the reasons for rejecting defendant's application, the prosecutor wrote:

> Society does not benefit by allowing those who
> commit fraudulent acts against the medical community

A-5124-18T1

for personal gain into PTI. The State rejects this application, in particular, based on [the] continuous nature of [defendant's] actions. The State also rejects this applicant, in particular, due to the specific nature of these crimes and their impact on [the victim] and her reputation. Forging prescriptions for one's personal use may only impact the person taking the medication. Forging documents to allow accommodations at athletic events and in college housing undermines the integrity of those institutions and makes light of the needs of those who truly need accommodations. Finally, the State rejects this applicant, in particular, due to her position as a nurse at that time of these offenses. That she was a school nurse is especially repugnant as her actions could have jeopardized the safety of the students in her care. Even if she were not a school nurse, the fact that a licensed nurse forged documents to accommodate, and seemingly, give her own children some sort of perceived advantage is offensive. This defendant is not suited for PTI.

Defendant appealed, and the Law Division judge ordered defendant admitted to the program over the prosecutor's objection. In a written opinion, the judge found the State failed to conduct "a fact-sensitive analysis of the personal problems and character traits of [d]efendant." Specifically, the judge found defendant, a divorced single mother of three, was the victim's patient for several years, being treated for anxiety, depression and fibromyalgia. Defendant's daughters were also patients of the victim. The court noted that defendant "asserts that she was overwhelmed by the stress of her divorce, her

5

personal mental health condition" and the similar conditions of her children, including two who suffered from obsessive compulsive disorder. The court also noted the prescriptions were for alprazolam, an anti-anxiety drug, for amounts within recommended guidelines and that defendant's counsel proffered that the victim issued prescriptions to defendant for the same drug "in the exact same dosages" subsequent to the fraudulent prescriptions defendant prepared.[1]

The court concluded the State failed to address whether defendant's personal problems and character traits demonstrated an amenability to rehabilitation. Specifically, the court found "[t]he fraudulent prescriptions and the letters about her daughters are rooted in [d]efendant's and her daughter's personal problems and mental health issues," that defendant had "expressed remorse and is open to rehabilitation," that the "State gave no consideration to the character letters submitted by the defense, to [d]efendant's standing in the community and to her employment performance," and that the State ascribed no weight "to the interest of the victim because they never called [the victim] for her input."

---

[1] The State points out that the victim did so without knowledge of the fraud and represents the victim brought the matter to the attention of police and wished to pursue prosecution.

A-5124-18T1

The court further found there was "no indication that the crimes charged are in anyway related to [defendant's] employment as a school nurse," and that the State's consideration of that factor was inappropriate and "tantamount to a per se rejection." The court noted "[t]here is no per se disqualification of school nurses from PTI, merely because their status as school nurses."

Although conceding that "[t]he State properly characterized the defendant's crime as falling within the ambit of New Jersey Guideline 3(i)(2)[2] which generally may result in a denial," the court found "the State's rejection of defendant's application was based wholly upon the nature of the offense. Individualistic factors played no role in the decision. No analysis was done."

The court concluded that "[d]efendant demonstrate[d] extraordinary circumstances sufficient to overcome the presumption against PTI admission, and that the State's denial was based on unsupported assertions with respect to the nature of the offense and other irrelevant and inappropriate factors." The court found "based on the totality of the circumstances and for good cause shown," that the State's failure to consider all relevant factors and its

---

[2] The Guidelines were deleted along with Rule 3:28 effective July 1, 2018. Pressler & Verniero, Current N.J. Court Rules, R. 3:28 (2020). Former Guideline 3(i)(2) reflected the presumptions against admission contained in N.J.S.A. 2C:43-12(b)(2). See id. at cmt. on R. 3:28.

consideration of an inappropriate factor "amounted to a clear error in judgment" rising to "a patent and gross abuse of discretion subverting the goals of the Pre-Trial Intervention Program."

The State appeals, contending the trial court erred in finding the prosecutor's rejection of defendant's PTI application constituted a patent and gross abuse of discretion. It argues defendant's application did not include the many letters and detailed information about defendant's and her daughter's circumstances that the trial court upbraided the prosecutor for failing to take into account. The State maintains the prosecutor's view of defendant's actions as a continuing pattern of anti-social behavior was a valid consideration, that his denial of the application did not constitute a per se rejection or otherwise constitute a patent and gross abuse of discretion. We agree.

Having read the Law Division judge's opinion, it is obvious that had the judge been the prosecutor, defendant would have been admitted to PTI. The cases, however, are unanimous in holding a reviewing court is not to evaluate the case "as if it stood in the shoes of the prosecutor." State v. Wallace, 146 N.J. 576, 589 (1996). As the Supreme Court has repeatedly reminded, "PTI is essentially an extension of the charging decision, therefore the decision to grant or deny PTI is a 'quintessentially prosecutorial function.'" State v.

A-5124-18T1

Roseman, 221 N.J. 611, 624 (2015) (quoting Wallace, 146 N.J. at 582). "[B]ecause it is the fundamental responsibility of the prosecutor to decide whom to prosecute," State v. Kraft, 265 N.J. Super. 106, 111 (App. Div. 1993), "the prosecutor has great discretion in selecting whom to prosecute and whom to divert to an alternative program, such as PTI." Wallace, 146 N.J. at 582.

We are to afford the prosecutor's decision on diversion to PTI an "enhanced" or "extra" level of deference, State v. Baynes, 148 N.J. 434, 443 (1997), in accord with the Court's "expectation that 'a prosecutor's decision to reject a PTI applicant will rarely be overturned,'" ibid. (quoting Wallace, 146 N.J. at 585) (internal quotation marks omitted)). Accordingly, the scope of judicial review "is severely limited" and "serves to check only the 'most egregious examples of injustice and unfairness.'" State v. Negran, 178 N.J. 73, 82 (2003) (quoting State v. Leonardis, 73 N.J. 360, 384 (1977).

"A defendant attempting to overcome a prosecutorial veto must 'clearly and convincingly establish that the prosecutor's refusal to sanction admission into a PTI program was based on a patent and gross abuse of his discretion' before a court can suspend criminal proceedings under Rule 3:28 without prosecutorial consent." Negran, 178 N.J. at 82 (quoting State v. Nwobu, 139

9

N.J. 236, 246 (1995)) (internal quotation marks omitted). The Court has instructed that

> [o]rdinarily, an abuse of discretion will be manifest if defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment. In order for such an abuse of discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying Pretrial Intervention.
>
> [State v. Bender, 80 N.J. 84, 93 (1979).]

Applying those standards to this record makes clear the judge was without authority to suspend criminal proceedings against defendant and order her admitted to PTI over the prosecutor's objection. Defendant does not dispute that she did not submit with her PTI application the information about her and her daughters' mental health conditions or the many letters on which the trial court relied in its findings. The judge was thus wrong to override the prosecutor's decision based on his failure to consider relevant information defendant never supplied him. See id. at 94.

We also reject the court's finding that the prosecutor inappropriately considered defendant's position as a school nurse, and that his decision to deny her entry into PTI "was tantamount to a per se rejection." Although the

prosecutor certainly considered defendant's employment as a school nurse, we do not believe his letter could be fairly considered a per se rejection of her application based on either her licensure or employment as a nurse. The prosecutor did not rely on the presumption contained in Rule 3:28-1(e) against admission for public employees charged with a crime touching employment but instead considered defendant's status as a factor in the nature of the offense and whether it was "a breach of the public trust where admission to a PTI program would deprecate the seriousness of defendant's crime" under Rule 3:28-4(b)(1)(iv).

The prosecutor asserted defendant allegedly forged letters to school officials in her own district to excuse absences of one of her children using a work computer to do so. Obviously cognizant that whether defendant's alleged acts could be considered a breach of the public trust might be a close question here, see Bender, 80 N.J. at 96; State v. Denman, 449 N.J. Super. 369, 379 (App. Div. 2017), the prosecutor emphasized the effect of defendant's actions on the victim and her professional reputation. He noted defendant forged documents to allow accommodations and perceived advantages for her children at school, which undermines the integrity of the institutions, and that

her actions in forging prescriptions "could have jeopardized the safety of students in her care."

Having considered the prosecutor's explanation for his consideration of defendant's position as a school nurse, we cannot find that factor to have been inappropriate in weighing the nature of the offenses, and certainly cannot find his thorough explanation of its relevance amounted to a per se rejection of her application. The prosecutor's finding that defendant's conduct involved a continuing pattern of anti-social behavior was likewise a valid consideration entitled to deference. See Nwobu, 139 N.J. at 254.

Having reviewed the record, we cannot say the prosecutor's decision to weigh against defendant the nature of the offenses, the facts of the case, the needs of society, that the conduct constituted a continuing pattern of anti-social behavior, and that the harm done to society by diversion would outweigh the benefits constituted a clear error of judgment on this record. Instead, the court erred by interjecting itself into the process of weighing applicable factors pertinent to the PTI application. It predicated its decision on its own assessment of the factors, rather than confining itself to whether the prosecutor considered all relevant factors, considered inappropriate factors or

made a clear error in judgment. <u>Bender</u>, 80 N.J. at 73. We accordingly reverse the order admitting defendant into PTI.

Although we find no patent and gross abuse of the prosecutor's discretion, the State acknowledges that the prosecutor was without information to assess factors five, "(t)he existence of personal problems and character traits which may be related to the applicant's crime and for which services are unavailable within the criminal justice system, or which may be provided more effectively through supervisory treatment and the probability that the causes of criminal behavior can be controlled by proper treatment," and six, "the likelihood that the applicant's crime is related to a condition or situation that would be conducive to change through [her] participation in supervisory treatment." N.J.S.A. 2C:43-12(e)(5) and (6).

Because both factors are critical to judging a defendant's amenability to correction and responsiveness to rehabilitation, N.J.S.A. 2C:43-12(b)(1), and because the prosecutor has expressed a willingness to reassess defendant's application in light of the information she belatedly provided, we deem a remand to him to reconsider defendant's application appropriate. <u>See</u> <u>State v. Dalglish</u>, 86 N.J. 503, 509-10 (1981). Given the passage of time, the review should be <u>ab initio</u> and defendant may bring any pertinent information bearing

on her PTI application to the attention of the prosecutor.  See State v. Coursey, 445 N.J. Super. 506, 512-13 (App. Div. 2016).

The order admitting defendant into PTI is reversed, the prosecutor's decision rejecting defendant from PTI is vacated and the matter is remanded to the prosecutor for reconsideration in accordance with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION